ATLANTIC PHOS. CO. v. LAW.

1. ASSIGNMENT FOR BENEFIT OF CREDITORS—ASSIGNEE—LIENS—AC-
CEPTANCE—CASE DISTINGUISHED.—A creditor who holds liens on
the property of a debtor, who has made an assignment, does not waive
such security by accepting under the assignment; and an assignee
cannot refuse an acceptance and release which conforms to the terms
of the assignment. *Wheat* v. *Dingle*, 32 S. C., 473, *distinguished.*

2. IBID.—IBID.—TIME OF DELIVERY OF ACCEPTANCE.—A deed of as-
signment provided that all creditors who would accept and release by
12 M., December 7, should have preference. A creditor living in
Charleston mailed his acceptance and release on December 6 to his
attorneys, who were assignee's attorneys, and telegraphed it had been
mailed. Two mail trains left Charleston after mailing of letter, and
arrived at Darlington (office of assignee and attorneys) before 12 M.,
December 7. Letter was not delivered until December 8. *Held*, that
acceptance and release were delivered in time.

Before NORTON, J., Darlington, November, 1894. Reversed.

Controversy on agreed statement of facts between the At-
lantic Phosphate Company and H. Lide Law, assignee of E.
W. Cannon. Judgment for defendant. Plaintiff appeals.

*Messrs. Boyd & Brown*, for appellant.

*Messrs. Woods & Macfarlan*, contra.

Feb. 29, 1896. The opinion of the Court was delivered by

MR. JUSTICE GARY. This matter was heard at the fall
term of the Court of Common Pleas for Darlington County,
1894, on an agreed case, which is as follows: The Atlantic
Phosphate Company, a corporation duly created and char-
tered under the laws of this State, claims to have accepted
the provisions of the deed of assignment of E. W. Cannon
for the benefit of his creditors, and to have executed a re-
lease of its claim against the said E. W. Cannon, according
to the statute in such case made and provided, and the terms
of the assignment, and to be, therefore, entitled to priority
of payment by the defendant as assignee, in common with

the other creditors of the said E. W. Cannon, who have likewise accepted and released. The defendant, as assignee, resists this claim. The following are the facts upon which the said controversy depends. The plaintiff holds a note of the said E. W. Cannon, a copy of which is as follows:

"$255.75.   Hartsville, S. C., February 1st, 1893.   On the 1st November after date, I promise to pay to the order of the Atlantic Phosphate Company, of Charleston, S. C., $255.75, value received, at any bank in Darlington, S. C., with cost of exchange and collection. E. W. Cannon." It holds also a written agreement by which all securities taken for the fertilizers for the purchase money of which the said note was given, are pledged by the said E. W. Cannon to secure the payment of said note, this agreement antedating the said note. The deed of assignment of E. W. Cannon is of date October 27th, 1893, and in it occurs the following clause: "To pay and discharge in full, with proper interest thereon, if any shall be due or owing, provided the residue of said proceeds shall be sufficient for that purpose (but if it be not sufficient to pay the same in full, then ratably in proportion, without any priority or preference whatever, except, as to what may arise by reason of lawful liens on the property), the claims of all my creditors, who shall, at or before 12 o'clock meridian on the 7th day of December, 1893, accept in writing the terms of this assignment, and in consideration thereof execute a release or releases of their claims against me." On the 6th day of December, 1893, the plaintiff enclosed in a letter addressed to Messrs. Boyd & Brown, their attorneys at Darlington C. H., who were also attorneys for the defendant as assignee as aforesaid, for the delivery by them to the said assignee, and mailed the paper, a copy of which is as follows:

"Charleston, S. C., December 6th, 1893.   The Atlantic Phosphate Company, of Charleston, S. C., hereby accepts the terms of assignment of E. W. Cannon, of Darlington County, S. C., and makes release of claim, without waiver of such security as said company holds.   Witness the sig-

nature of the treasurer and the seal of the company. Francis S. Rodgers (L. S.), treasurer."

The reception stamp of the Charleston post office, at which the letter was mailed, bears date December 6, 1893, 2.30 P. M. A letter so mailed could reach Darlington C. H. either on the evening of the same day or on the morning of the next day, in full time for delivery before 12 o'clock M., there being between the hours of 2.30 P. M. of one day and 12 M. of the next day, two mail trains leaving Charleston and reaching Darlington. After mailing its said letter containing said acceptance and release, plaintiff telegraphed its said attorneys that said papers had been so mailed, and this information was communicated to said assignee before 12 M. on December 7th. The said paper was mailed to said attorneys for immediate and unconditional delivery to said assignee. Repeated application was made for said letter at the Darlington post office on the morning of the 7th by said attorneys, in whose office was the said assignee waiting to receive the same. The said letter, containing said acceptance and release, was not delivered by the Darlington postmaster until the morning of the 8th, when it was received by the said assignee. Francis S. Rodgers is treasurer of the Atlantic Phosphate Company, and was authorized to make said acceptance and release.

The question submitted to the Court below upon this case was as follows: Is the paper so mailed and so delivered an acceptance and release valid under the statute and the said deed of assignment? If this question is answered in the affirmative, then judgment is to be rendered against the said defendant, and that he do treat the said paper as a valid acceptance and release in his distribution of the assets of the said assigned estate. If answered in the negative, judgment is to be rendered in favor of the defendant.

Upon the hearing of the case, his Honor, Judge Norton, rendered the following judgment: The issue in this case having been submitted by an agreement between the parties, and after argument of counsel, I adjudge and decree as

follows: The question is, whether or not the paper attached to the agreed case, "and so mailed and delivered," is an acceptance and release, valid under the statute and the said deed of assignment? *I hold that it is not* a valid acceptance and release under the agreed case submitted. Let judgment be entered accordingly, with cost against the plaintiff.

The appellant appeal upon the following exceptions:

1. That his Honor, Judge Norton, erred in holding and adjudging that the acceptance and release in question "is not a valid acceptance and release under the agreed case submitted."

2. That, under the facts agreed to, the paper purporting to be an acceptance and release on the part of Atlantic Phosphate Company was executed and delivered in time, and was valid under, and a full compliance with, the terms of the deed of assignment, and it was error of law in the Judge not so to have held and adjudged.

The only parties before the Court are the Atlantic Phosphate Company and the assignee. The acceptance is not invalid by reason of the fact that the plaintiff released without waiver of the securities which it held, because: 1st. The acceptance was in accordance with the terms of the deed of assinnment, and, therefore, the *assignee* cannot raise such objection. 2d. Where a person holds liens on the property of the assignor, he does not waive such security by accepting under the assignment. No question arises in this case, as in *Wheat* v. *Dingle*, 32 S. C., 473, in regard to the manner in which the proceeds of the estate should be distributed among those holding claims upon which balances were still due, after applying the proceeds of the mortgaged property towards satisfaction of their claims.

We will next consider the ground urged against the validity of the acceptance, that it was not made within the time prescribed in the assignment. The time within which creditors are required to accept the terms of an assignment are not statutory, but the law allows the assignor to

prescribe in the assignment the time within which the creditors shall accept, provided such time be reasonable. The following facts appear in the case: That the acceptance was mailed before the time prescribed in the assignment had expired, and in due course of mail should have reached Darlington before the expiration of such time; that a telegram was sent by the plaintiff that the acceptance had been mailed, and this telegram was received before said time had expired; that the plaintiff's attorneys were the attorneys of the assignee; that the letter enclosing the acceptance was mailed for unconditional delivery; that the assignee knew the letter had been mailed, the telegram had been received, and that repeated application was made for said letter at the post office, on the morning of the 7th, by said attorneys; that the said assignee waited in the office of said attorneys on the morning of the 7th to receive said acceptance; that the acceptance was received next day by assignee, and it does not appear that he made objection to it on any ground whatever. This acceptance was received in due time, for two reasons: 1st. Because the letter, under the circumstances of the case, must be regarded in the same light as if it had been mailed to the assignee, and, therefore, the acceptance was valid, although the letter was not received until the prescribed time had expired. *Mitchel* v. *Byrne*, 6 Rich., 182; *Dargan* v. *Richardson*, Cheves L., 197; *Shubar* v. *Winding*, Cheves L., 218. 2d. Because the facts and circumstances show that the plaintiff's intention was to accept the terms of the assignment and release the debtor from all future liability on its claim, and that such acceptance and release should take place *in praesenti.*

It is the judgment of this Court, that the judgment of the Circuit Court be reversed.