(92 South. 268)

## OTTS v. SHEFFIELD.   (6 Div. 191.)

(Supreme Court of Alabama.   Jan. 12, 1922.)

**1. Estoppel ⬤⟶94(2)—Grantee not required to avow title at foreclosure sale under mortgage executed by grantor subsequent to recording of grantee's deed.**

Under Code 1907, § 3373, as to record of conveyances as notice, after a deed has been recorded, no concluding equitable estoppel would arise from grantee's mere failure to avow, or his silence with respect to, his claim of title at a foreclosure sale had under a mortgage executed by his grantor subsequent to the registration of the deed, but only some positive act or statement, or silence when circumstances required avowal of claim, would estop him.

**2. Estoppel ⬤⟶71—Grantee not equitably estopped to claim title by disavowal of title after foreclosure under mortgage executed by grantor subsequent to recording of grantee's deed.**

Under Code 1907, § 3373, as to record of conveyances as notice, where a deed had been recorded and a mortgage subsequently executed by the grantor was foreclosed, the prior grantee was not equitably estopped to claim title as against a purchaser at the foreclosure by reason of such grantee's disavowal of title, where such disavowal, if made, was subsequent to the sale, although prior to the time when the purchaser paid the bid price, as the purchaser's rights became fixed by his bid, and he was thereby bound to take whatever title the mortgage conveyed.

Appeal from Circuit Court, Lamar County; J. J. Curtis, Judge.

Bill by D. T. Otts against A. R. Sheffield to acquire title to land or to enforce an equitable estoppel. From a decree denying relief and dismissing the bill, complainant appeals. Affirmed.

Wilson Kelley, of Vernon, for appellant.

Counsel discusses the evidence with the insistence that it raises an equitable estoppel, but cites no authority in support thereof.

R. G. Redden, of Sulligent, for appellee.

Brief of counsel did not reach the Reporter.

McCLELLAN, J.   [1, 2] The complainant, appellant, filed this bill invoking the application of the doctrine of equitable estoppel to preclude appellee from asserting against appellant appellee's superior legal title to 40 acres of land, acquired in 1906, which, with other real estate, appellant had subsequently bought at a foreclosure sale of a mortgage executed by appellee's grantor, his father, to other persons.   The appellee's deed to this 40 acres was seasonably filed for record and recorded in 1906.   The foreclosure sale was effected in 1916 of a mortgage executed by appellee's grantor in 1909 to secure indebtednesses maturing in 1910–11. The appellee's deed having been seasonably, effectually recorded, thereby giving constructive notice of the existence of his claim of right and title to the forty acres in question (Code, § 3373), no concluding equitable estoppel could arise from his mere failure to avow, or his silence with respect to, his claim of title at the foreclosure sale had under a mortgage executed by his grantor subsequent to the registration of appellee's deed.   Only some positive act or statement inconsistent with the right or title the deed disclosed, done or made before or at the time of (not after) the sale, or silence when conscience and the occasion, before or at the time of (not after) the sale, required him to avow his claim of title or right, and known to and acted upon by the purchaser (appellant) before he became the highest bidder at the foreclosure sale, could have operated to erect an equitable estoppel against appellee's superior title under his deed.   The evidence has been carefully examined with respect to appellant's contention that appellee should be concluded by the character of estoppel mentioned.   It appears from the evidence beyond any fair doubt that appellant's contention that appellee's disavowal of any interest in the land was, if made subsequent to the foreclosure sale, though previous to appellant's payment of the bid price, which, by his successful bid, he had become bound to pay, the sale being otherwise valid, of whatever title the mortgage conveyed.

According to the decree, the appellant's objection to the admission in evidence of the witness Clark's recital of what appellee told him the day before the foreclosure sale was sustained, not overruled.

The decree is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.

---

⬤⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes