ARTHUR A. SULLIVAN *vs.* WALLACE BRADIC *et al.*

NOVEMBER 1, 1922.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

(1) *Mechanic's Lien. Equitable Interest in Land.*

July 1, B. gave C., a contractor, money to buy a lot of land and to build a house thereon. July 28 petitioner contracted with C. to dig the cellar. July 30, C. purporting to act for B. secured a permit to build whereby authority was granted to B. as owner of the land. At the time petitioner did the work, August 1, on the cellar the land belonged to X.

August 16, deeds to the wife of C. and from her to B. were recorded.

*Held*, that assuming that a mechanic's lien lies on an equitable interest in real estate *which is not decided*, there was no evidence that B. when petitioner did the work had any title either in law or equity to the land and petitioner's claim for lien must be dismissed.

(2) *Mechanic's Lien. Equitable Estoppel.*

A mechanic's lien cannot be maintained on the ground of an equitable estoppel, arising out of the description of respondent as owner of the land in a building permit, when an examination of the records would have disclosed the true ownership and no representations were made to petitioner by respondent or by anyone authorized by him.

MECHANIC'S LIEN. Heard on appeal of petitioner from decree of Superior Court and decree affirmed.

STEARNS, J. The original proceeding was by a petition to enforce a mechanic's lien. This petition was denied by the Superior Court and the cause is now in this court on the appeal of the petitioner from this decision.

From the evidence, which is brief and fragmentary, it appears that on July 1, 1921, respondents gave to one Budlong, a contractor, $1,200 with which to buy for them a lot of land on Bellevue avenue in the city of Providence and to build a house thereon. On the 28th of July petitioner Sullivan, by a written contract with Budlong, agreed to excavate the cellar and lay the foundations for the house to be erected on Bellevue avenue, to commence the work August 1st and to complete the same by August 13th. The work was completed substantially as agreed. On July 30th, Budlong, purporting to act as agent for the respondents, made application to the Inspector of Buildings for a permit to build; on the same day a permit to build was issued to Budlong, whereby authority to build was granted to Wallace and Rose Bradic as owners of the land. Budlong notified respondents that he had secured the permit, and respondent Rose Bradic testifies that he had their authority to secure the permit. Petitioner Sullivan on receipt of this permit from Budlong began the work August 1st on the excavation of the cellar for which he now claims a lien. At this time the land in question belonged to the heirs of one Mary J. Lapham. Neither Budlong nor the respondents had any title to the land or any agreement with the owners for a conveyance of the land. On the 12th of August respondents, who were suspicious of the good faith of Budlong, threatened to take legal proceedings unless they received a deed to the land. There is no evidence of an actual delivery of the deeds. Three deeds from the different heirs, each dated July 14, and one acknowledged as late as August 11, 1921, conveying the land in question to Lucy A. Budlong, wife of the said Budlong, were introduced in evidence, also a deed of the land in question from Lucy A. Budlong to respondents, dated and acknowledged August 15, 1921, and placed on record August 16th together with the deeds above mentioned to Lucy A. Budlong. Neither Lucy A. Budlong nor her husband Carl were called as witnesses and no reason was given for the failure to produce these witnesses. The re-

spondents expected the deeds to be made to them directly and there is no evidence of the terms or nature of the transactions evidenced by the deeds other than the deeds. The claim is made, with some probability, that Mrs. Budlong was acting for her husband and that they took advantage of the respondents by charging them more for the land than they were required to pay for it, and the amount of the revenue stamps affixed to the deeds appears to give color to the claim. But the evidence is insufficient to warrant any legal conclusion in regard to the facts. On August 31, the petitioner served notice on the respondents of a lien for labor and materials furnished upon the house on land owned by them. Petitioner does not and can not claim that respondents were the legal owners of the land at the time of the inception of the alleged lien on August 1st. But the claim is that respondents were the equitable owners at that date and consequently that a lien attaches to the land, on the ground that they were the owners in equity. Assuming that a mechanic's lien lies on an equitable interest in real estate, although we do not now mean to pass on this question, there is no evidence to show that respondents on August 1st had any title, either in law or equity, to the land and consequently petitioner's claim based on this alleged ownership of the land must be denied. *Chace* v. *Pidge*, 21 R. I. 70; *Hawkins* v. *Boyden*, 25 R. I. 181.

Petitioner also claims a lien on the ground of an equitable estoppel. The ground alleged is that Budlong acting as the agent for respondents by presenting the permit to build in which respondents are described as owners of the land thereby made a false representation as to ownership whereby respondents are bound and are in equity estopped to deny the truth thereof. There is no merit in this contention. Any examination of the public records would have disclosed at once the fact that respondents were not the owners of the land. Respondents claim that the contractor Budlong did not act in good faith in securing title for them and that it was only by threat of legal proceeding that they finally

secured title to the land on which their house was in process of construction. So far as appears they did not make any representation to petitioner in regard to ownership of the land nor did they authorize the contractor Budlong to make any such representation. In the circumstances if petitioner was misled as to the ownership, his mistake arose from his own neglect and failure to ascertain facts which could easily have been ascertained, and not to any false representation made by respondents. There is no basis for the claim of an estoppel.

The petitioner's appeal is denied; the decree of the Superior Court appealed from is affirmed and the cause is remanded to the Superior Court for further proceedings.

*James O. McManus, Edward F. McElroy, Joseph W. Grimes*, for petitioner.

*Ernest P. B. Atwood* for respondent.