[No. 20784.   Department Two.   November 29, 1927.]

TOM PETERSON, *Appellant*, v. BERGMAN CABINET
MANUFACTURING COMPANY et al.,
*Respondents.*[1]

[1] ASSIGNMENT FOR CREDITORS (30) — ESTOPPEL (23) — SECURED
CLAIMS—WAIVER OR ESTOPPEL BY ACCEPTING DIVIDENDS.   A
creditor having liens on property of an assignor for the benefit
of creditors does not waive the lien security by accepting
dividends under the assignment, where the liens existed by
statute prior to the assignment, even though the claims therefor
were not filed until subsequently.

[2] ESTOPPEL (18, 58)—EQUITABLE ESTOPPEL—KNOWLEDGE OF FACTS
—SILENCE.  A creditor having liens on property of an assignor
for the benefit of creditors is not estopped from asserting the
liens against a purchaser of the property at an assignor's sale,
announced as free from all incumbrance, by his silence at the
time of the announcement, where the purchaser had constructive
notice of the liens by reason of their due filing for record at the
time of the sale.

[3] SAME (40)—GROUNDS—DEALING WITH PERSONS EXERCISING AU-.
THORITY.   In such a case, there would be no estoppel from the
circumstance that the lien claimants worked for the assignee of
the insolvent, knew of and discussed the impending sale, and
consulted with reference to bidding at the sale.

Appeal from a judgment of the superior court for
King county, Beals, J., entered February 19, 1927,
upon findings in favor of the defendants, denying the
foreclosure of lien claims, after a trial to the court.
Reversed.

*C. G. Moran* and *Murphy & Kumm,* for appellant.
*Palmer, Askren & Brethorst,* for respondents.

MAIN, J.—The plaintiff in this action, in his own
behalf and in behalf of others who had assigned claims
to him, brought this action seeking a money judgment
and foreclosure of lien claims.   The cause was tried

[1]Reported in 261 Pac. 381.

to the court without a jury, and resulted in a judgment by default against the Bergman Cabinet Manufacturing Company in the sum of $2,319.26. Foreclosure of the liens claimed by the plaintiff was denied. From this judgment, the plaintiff appeals.

The facts essential to be stated appear to be these. The Bergman Cabinet Manufacturing Company was engaged in the business of manufacturing store and office fixtures, in the city of Seattle. It was a small plant, employing something like ten or fifteen men. The company became insolvent, and on May 18, 1926, made a common law assignment to Clarence E. Gere for the benefit of its creditors. After the assignment, Gere operated the plant and the appellant and all of his assignors, with one or two exceptions, continued to work in the plant. During this time, the men received compensation for their services paid by the assignee and also received a substantial payment on wages that had been earned, but not paid, prior to the assignment. The appellant and his assignors all filed claims with the assignee.

The operation of the plant by the assignee was not successful, and on August 20, 1926, after having given notice to all of the creditors and published an advertisement, the assignee sold it at public sale to B. N. Rodgers and Anthony Skalabrin. These men afterwards organized the Rodgers Cabinet Manufacturing Company, and transferred the property to that corporation. About ten days prior to the sale, Rodgers and Skalabrin employed an attorney, not a member of the firm that represents them in this action, to examine into the state of the title to the property. An examination was made, and in reliance upon the opinion of the attorney, Rodgers and Skalabrin believed the property to be free and clear of any incumbrances.

..The attorney examined the records in the county auditor's office about ten days before the sale, and found no lien claims filed. A week before the sale, or three days after the examination by the attorney, the appellant and his assignors filed their lien claims in the county auditor's office. When the property was being sold, there was inquiry as to whether or not it was free and clear. The assignee conducting the sale stated, in effect, that the property was being sold free and clear of all liens and encumbrances. At this sale, the appellant and all of his assignors, with one or two exceptions, were present. When the statement was made that the property was being sold free and clear, they neither affirmed nor denied it. In other words, they remained silent. At this time, as before stated, the lien claims had been filed and were a matter of public record. Sometime subsequent to the sale, the present action to foreclose the liens was instituted, with the result as above stated.

The only question presented upon this appeal is whether the appellant and his assignors were estopped from asserting their lien claims.

[1] Under this general question, the first question is whether they were so estopped because they had filed claims with the assignee and had been paid dividends by him. The rule is that a creditor holding a lien on property of an assignor does not waive such security by filing a claim with and accepting a dividend under the assignment. In *Cockrill v. Joyce*, 62 Ark. 216, 35 S. W. 221, it was held that a bank which held notes as collateral security was not estopped to assert its lien by electing to take under the assignment even though, at the sale of the debtor's assets by the receiver, the notes were scheduled as a part of the property sold. In *Atlantic Phosphate Co. v. Law*, 45 S. C. 606, 23 S. E. 955, it was said:

"Where a person holds liens on the property of the assignor, he does not waive such security by accepting under the assignment."

In *Moses v. Thomas*, 26 N. J. L. 124, it was said:

"It was lastly objected, that inasmuch as it appears that the plaintiffs, on the 26th of April, filed a claim under the assignment for the balance of their judgment, they thus waived their right under the execution. There is nothing in this objection. That claim was merely provisional and by way of precaution. The debt being still unsatisfied, the plaintiffs had a right to put in their claim, but they did not thereby waive their lien on the goods."

In *Raynor v. Scandinavian American Bank,* 122 Wash. 150, 210 Pac. 499, 25 A. L. R. 716, it was held that depositors in an insolvent bank were not estopped by filing general claims with the liquidating officer from asserting a right to a preference over general creditors where no one had been misled to his prejudice. It was there said:

"The defendants make the further objection that the plaintiffs are estopped from asserting a special claim for the amount of the checks against the insolvent bank, for the reason that their assignors included such amount in their general claims filed with the liquidating officer of the bank. But this act alone is insufficient to constitute an estoppel.

" 'It is fundamental that a party relying upon an estoppel must show that he has been prejudiced by the act of the party whom he is seeking to estop. Estoppels operate only towards parties or privies, and the party who pleads an estoppel must be one who has in good faith been led to his injury.' *Butler v. Supreme Court of Foresters,* 53 Wash. 118, 101 Pac. 481, 26 L. R. A. (N. S.) 293.

"There was here no misleading nor injury. Neither party changed his course of dealing because of the nature of the claims. The money still remained impounded, and the controversy over it continued until

it finally culminated in the present action. It is true there is no direct evidence that the amount of the checks was included in the claims by mistake or inadvertence, but this was not a necessary showing to prevent an estoppel. The showing that there was no change in the relation of the defendants with reference to the checks to their disadvantage is sufficient. The precise question was determined in *Wuerpel v. Commercial Germania Trust & Sav. Bank,* 238 Fed. 269, 151 C. C. A. 285, where it was held that a creditor by filing a general claim and receiving dividends thereon is not estopped from asserting a right to a preferential payment, in the absence of a showing of prejudice."

In the present case, it does not appear that the purchasers at the sale were in any way prejudiced by reason of the fact that the appellant and his assignors had filed claims with the assignee and had been paid substantial dividends. They relied upon the opinion of their then attorney as to the title to the property, and not upon the fact that claims had been filed with the assignee and dividends had been paid.

The case of *Cerf, Schloss & Co. v. Wallace,* 14 Wash. 249, 44 Pac. 264, is not in point. There the question was whether persons receiving and retaining dividends made by the assignee would be permitted to attack the validity of the assignment and it was held that they were not. The question in the case now before us is not the validity of the assignment, but whether the lien claimants are estopped from asserting their claims. The questions are not the same and it was so recognized in the opinion in that case, wherein the court cited, as not analogous to the question there presented, two cases which involved the question whether presentation of claims to the assignee and acceptance of dividends thereon was an election to recognize the assignment in its full scope.

In *Gilbert v. Morgan Lumber Co.,* 87 Wash. 293, 151

Pac. 785, there was an attempt to assert a lien upon a judgment obtained subsequent to the assignment, and it was there held that an assignment for the benefit of creditors passed all title of the debtor and vested in the assignee paramount title to the property subject only to prior specific liens thereon. Here the liens by virtue of the statute existed prior to the assignment, even though the claims were not filed until subsequently. In the other authorities cited by the respondents, we do not find that the precise question now before us for determination was passed upon.

The appellant and his assignors were not estopped by the filing of claims with the assignee of the insolvent corporation and accepting dividends in the assignment proceeding.

[2] The next question is whether the appellant and his assignors were estopped from asserting their lien claims by reason of the fact that they were present at the sale and did not speak when the party conducting the sale announced that the property would be sold free and clear of all incumbrances. The general rule, which is well recognized, is to the effect that, where a person with actual or constructive knowledge of facts induces another, by his words or conduct, to believe that he acquiesces in or ratifies a transaction, or that he will offer no opposition thereto, and that other, in reliance on such belief, alters his position, such person is estopped from repudiating the transaction to the other's prejudice. 21 C. J. 1216. From the facts stated, it appears that, at the time the sale took place, the lien claims had been filed with the county auditor and that, therefore, the purchasers at the sale had constructive notice of the same. Mere silence will not operate to work an estoppel where the purchasers at the sale knew of the lien claims or had constructive knowledge thereof by reason of the fact that the same

had been duly filed for record according to law. In *Frazee v. Frazee,* 79 Md. 27, 28 Atl. 1105, it was said:

"It is well established that, where a party's rights in property sufficiently appear of record, mere silence upon his part is no violation of duty, and he is not estopped to assert his rights. against others dealing with the property as another's."

In *Otts v. Sheffield,* 207 Ala. 125, 92 South. 268, it was said:

"The appellee's deed having been seasonably, effectually recorded, thereby giving constructive notice of the existence of his claim of right and title to the forty acres in question (Code, sec. 3373), no concluding equitable estoppel could arise from his mere failure to avow, or his silence with respect to, his claim of title at the foreclosure sale had under a mortgage executed by his grantor subsequent to the registration of appellee's deed. Only some positive act or statement inconsistent with the right or title the deed disclosed, done or made before or at the time of (not after) the sale, or silence when conscience and the occasion, before or at the time of (not after) the sale, required him to avow his claim of title or right, and known to and acted upon by the purchaser (appellant) before he became the highest bidder at the foreclosure sale, could have operated to erect an equitable estoppel against appellee's superior title under his deed."

In *Crary v. Dye,* 208 U. S. 515, it was said:

"The principle of estoppel is well settled. It precludes a person from denying what he has said or the implication from his silence of conduct upon which another has acted. There must, however, be some intended deception in the conduct or declarations, or such gross negligence as to amount to constructive fraud. *Brant v. Virginia Coal & Iron Co.,* 93 U. S. 326; *Hobbs v. McLean,* 117 U. S. 567. And in respect to the title of real property the party claiming to have been influenced by the conduct or declarations must have not only been destitute of knowledge of the true state of the title, but also of any convenient and

available means of acquiring knowledge. Where the condition of the title is known to both parties, or both have the same means of ascertaining the truth, there can be no estoppel."

The cases of *Brant v. Virginia Coal & Iron Co.,* 93 U. S. 326; *Sullivan v. Bradic,* 44 R. I. 447, 118 Atl. 513, and *Milburn v. Michel,* 137 Md. 415, 112 Atl. 581, are to the same effect.

There was no estoppel by the mere silence of the parties at the time of the sale.

[3] The respondent, however, insists that there are other facts which, taken in connection with the dividends and silence, should work an estoppel; but with this contention we are unable to agree. The fact that the men worked for the assignee of the insolvent subsequent to the assignment and prior to the sale, cannot be made the basis of an estoppel. The fact that the men knew that the sale was to take place and discussed the same with the assignee, does not furnish an element of estoppel. Neither does the fact that they or some of them had consulted the assignee with reference to bidding at the sale. It is our conclusion that the trial court erred in dismissing as to the foreclosure of the liens on the ground of estoppel. This, however, does not apply to the claimants A. Mallberg and C. B. Bender, as the claims of these two were disallowed upon other grounds and the ruling of the court thereon does not appear to be questioned.

Upon this appeal, as stated, the only question presented was one of estoppel. We have not, therefore, discussed or determined any other question.

The judgment will be reversed, and the cause remanded to the superior court for further proceedings.

MACKINTOSH, C. J., FULLERTON, FRENCH, and HOLCOMB, JJ., concur.