[No. 21348. Department Two. February 7, 1929.]

SPOKANE VALLEY STATE BANK, *Respondent,* v. LEO MURPHY, *Appellant.*[1]

*M. E. Mack,* for appellant.

*Munter & Munter,* for respondent.

FRENCH, J.—On March 21, 1927, appellant took delivery of a Chrysler automobile from the Finch Motor Company, and on the same day signed a conditional

[1] Reported in 274 Pac. 702.

sales contract, together with a note, agreeing to pay the balance of $973.20 at the rate of $81.10 per month, beginning April 21, 1927. Respondent purchased this conditional sales contract on the 22d day of March, and the record shows that three payments were made, and further payment being refused, the car was re-plevied. The remittances sent to respondent covering the first two payments were sent by the Finch Motor Company, the third payment being made by appellant. The case coming on for trial before the court, with a jury, there was judgment for respondent.

Appellant's defense was that he had paid the Finch Motor Company in full for the Chrysler car purchased, by giving to that company a secondhand Jewett car and approximately $800 in cash; that, at the time he took delivery of the Chrysler car, he was induced to sign the promissory note and conditional sales contract by reason of the fact that there was some uncertainty as to just exactly the amount due, appellant's statement being that,

"He told me, 'well, there is no exact figures; I might owe you something and you might owe me something,' so I signed the paper. He said, 'Come back tomorrow and we will fix it up.' "

And in answer to what transpired next day his statement is:

"Mr. Finch says, 'I looked it all up. I don't owe you anything and you don't owe me anything.' I says: 'Where are the papers?' He says, 'I destroyed them.' Q. What did you do then? A. I got in my car and drove off."

Respondent's testimony shows that the conditional sales contract was purchased the next day after the transaction in question, and that immediately respondent wrote to appellant informing him that it had purchased the contract, covering also in the letter certain

other matters relative to insurance. Respondent produced a copy of this letter, and testified that it was mailed to appellant at North 1512 Howard street, Spokane, Washington, and was never returned. Appellant specifically denied receiving this letter. Thereafter and on May 25, a notice of a due payment was mailed to appellant at North 1512 Howard street, as shown by copy of letter produced by respondent, and respondent testified that this letter was returned. Thereafter on June 3, 1927, the following letter was written to appellant:

"Mr. Leo Murphy,
c/o Western Dairy Products Co.,
Spokane, Washington.
Dear Sir:

We mailed a notice of your balance due to 1512 North Howard street and the letter was returned unclaimed, marked not at that address. If this address is not correct, will you please let us know your proper address so that we can file it on our records. We enclose a stamped envelope for your reply.
"Yours truly,
"(Signed) R. K. Wheeler, Cashier."

This letter was received by appellant, and within a day or two was returned with the following notation: "Correct address, 1303½ N. Howard street."

In the latter part of June, a due payment was made by appellant, respondent's testimony tending to show that this payment was made by appellant, not only without protest or objection of any kind, but that there was some conversation between the parties as to what discount, if any, would be allowed for cash on the balance due on the contract. Appellant's testimony tends to show that this payment was protested vigorously, and was made only because of the fact that the respondent threatened to take the car immediately if

the payment was not promptly made. Mr. Finch disappeared the latter part of June, 1927.

The court, in instructing the jury, refused to give two of appellant's requested instructions for the reason that, under the rules of court, the request was not timely made. The record shows that the requested instructions were not presented to the court "until just at the time when the court was about to instruct the jury," and this is a sufficient reason for refusing the instructions in the form as presented. It is true that it is the duty of the court to instruct the jury as to the law applicable to the case, but the trial judge, in his own language, in instruction No. 3, had covered the matter contained in the proposed instructions as fully and comprehensively as was necessary. Under all our holdings this is sufficient.

The court also gave the following instruction:

"(5) The plaintiff alleges that the defendant is estopped by reason of the facts disclosed in the evidence to deny his liability to the plaintiff under the conditional sale agreement, and you are instructed that an estoppel is where a person by his conduct induces another to believe in the existence of a particular set of facts, and the other acts and relies thereon to his prejudice, the former is estopped in such an event as against the latter to deny that that set of facts does in truth exist.

"*And you are instructed that in this case if you believe from a preponderance of the evidence that the defendant had notice of the ownership by the plaintiff of the conditional sale agreement, Exhibit One, and that he made the payment of $81.10 to the plaintiff on June 29, 1927, and had not before that time nor did not then claim or state to the plaintiff, or to Wheeler its cashier, that he had paid to the Finch Motor Company the full purchase price of said car and that he denied liability to the plaintiff under said contract, and that by reason of the defendant's failure then to*

*so disclose and claim and deny liability the plaintiff in this action, if you so find the plaintiff was led to its prejudice to believe that the defendant admitted his liability to the plaintiff, then the defendant would be estopped to deny his liability to the plaintiff under said contract and your verdict should be for the plaintiff that it recover the automobile described in said contract from the defendant.*

"And in considering the question of whether or not the defendant is estopped to now deny his liability to the plaintiff under the contract you will take into consideration all of the evidence in this case, or lack of evidence, which may lead you to believe that the defendant either did or did not claim to the plaintiff bank that he had paid the full purchase price for said car to the Finch Motor Company, whether he did or did not after being notified, if he was notified by the plaintiff of its possession and ownership of said conditional sale contract, make any effort to have contact with the Finch Motor Company, or Roy Finch with whom he claims to have dealt regarding the claim of the plaintiff bank that the defendant was still indebted for the balance due on said contract, and all other facts testified to and inferences to be drawn from the evidence or lack of evidence to aid you in determining whether or not the defendant is now estopped to deny his liability to the plaintiff for the balance of the purchase price appearing to be due under said contract."

Appellant contends that there is no evidence to support estoppel, and that it is therefore error to instruct the jury thereon, his position being that there is nothing in the record to show that respondent in any way changed its position, or did anything to its detriment, or acted or failed to act as it otherwise would on account of anything that appellant failed to do. There can be no presumption that the letter of March 22 was received by appellant. It was admittedly mailed to a wrong address, and a letter addressed the same way a few weeks later was returned. There is also no testimony in the record that the payments

made in April and May by the Finch Motor Company were actually paid to the Finch Motor Company by appellant. So that, so far as this record goes, there is no testimony which would warrant the jury in finding that there had been any communication between respondent and appellant prior to the letter of June 3 above set out. There is nothing in that letter to indicate that respondent was claiming ownership of the conditional sales contract. So far as this record shows, the first knowledge appellant had that respondent was the owner of the contract was at about the time of the payment made June 29, 1927. The testimony in the record concerning the Finch Motor Company or Mr. Finch is that,

"Q. Mr. Finch, who ran the motor car company disappeared the latter part of June, 1927, and has never been heard of since? A. He did."

There is nothing in this record to show that, at the time of the disappearance of Mr. Finch, the Finch Motor Company was solvent or insolvent, a going concern or otherwise; nothing to show that respondent, did, or refrained from doing, anything because of appellant's failure to make known the nature of his claim; nothing to show that respondent was in any way misled to its injury.

. "An estoppel operates only in favor of those who have been misled to their injury. . . ." *Inland Finance Co. v. Inland Motor Co.*, 125 Wash. 301, 216 Pac. 14.

Mere silence, to constitute an estoppel, must have operated as a fraud, and must have actually misled to the injury of the party invoking estoppel. *Blanck v. Pioneer Mining Co.*, 93 Wash. 26, 159 Pac. 1077; *Newhall v. Hatch*, 134 Cal. 269, 66 Pac. 266, 55 L. R. A. 673; *Peterson v. Bergman Cabinet Manufacturing Co.*, 145 Wash. 664, 261 Pac. 381; *Gibson v. Iowa Legion of*

*Honor*, 178 Iowa 1156, 159 N. W. 639; *Schultz v. Citizens' Mutual Life Insurance Co.*, 59 Minn. 308, 61 N. W. 331; 21 C. J., p. 1133, § 134, p. 1135, § 136.

In the absence of any showing in the record that respondent in any way changed its position after the latter part of June, 1927, or that it lost any opportunity to protect itself as against the Finch Motor Company, or that it was misled in any way to its injury, the giving of the above instruction constituted reversible error.

Reversed and remanded for a new trial.

PARKER, MAIN, and FULLERTON, JJ., concur.