[No. 22068. *En Banc.* August 25, 1930.]

EDITH T. HELLENTHAL, *Appellant,* v. L. E. EDMONSON et al., *Respondents.*[1]

[1]Reported in 290 Pac. 831.

*Stephen V. Carey* and *Henry T. Ivers,* for appellant.
*Ralph S. Pierce* and *Kenneth M. Elliott,* for respondents.

MITCHELL, C. J.—This is an action for wrongful death arising out of a collision between the automobiles of Ludwig J. Hellenthal, deceased, and Mr. and Mrs. Edmonson, which occurred about noon on July 13, 1928, at the intersection of East Union street and Nineteenth avenue in Seattle. The deceased was going easterly on East Union street, an arterial highway under an ordinance of the city, and the car of Mr. and Mrs. Edmonson, driven by her, was going northerly on Nineteenth avenue. Mrs. Edmonson knew that East Union street was an arterial highway. The trial by a jury resulted in a verdict for the defendants. A motion for a new trial was denied, and the plaintiff has appealed from a judgment on the verdict in favor of the defendants.

All of the assignments of error relate to certain instructions given to the jury and the refusal of the court to give one requested by the appellant. An ordinance of the city required drivers of motor vehicles to come to a full stop immediately before entering upon or crossing an arterial highway, and witnesses on behalf of the appellant testified that respondents' car was not brought to a stop before being driven upon the arterial highway, while respondents' witnesses testified to the contrary. The car in which the deceased was traveling about twenty-five miles an hour ran a little south of the center of the arterial highway until just before the collision, when it veered somewhat north of the center, the collision occurring north and east of the center of

the intersection. The respondents' car was being driven slowly at that time, less than ten miles an hour, it appears from the testimony of the witnesses. As their lines of travel approached a common point, each could have easily seen the other, and from the evidence there was no interfering traffic, nor was any horn sounded from either of the cars. The bumper and left front fender of respondents' car came in contact with the right rear bumper of the Hellenthal car, which latter, continuing its course, turned over several times, finally resting in the street at a point distant from that of the collision from thirty to ninety feet, according to estimates of the various witnesses. Mr. Hellenthal was thrown out and killed, practically outright.

The first assignment of error is based on an instruction as follows:

"You are instructed that Ordinance No. 53,223, of the city of Seattle, and section 15 thereof, provides:

" 'No person shall drive a motor vehicle without a brake or brakes sufficient to bring and capable of bringing such vehicle, together with any trailer that may be attached thereto, to a full and complete stop within 40 feet when the same is traveling at the rate of 20 miles per hour, 60 feet when the same is traveling at the rate of 25 miles per hour, and 85 feet when the same is traveling at the rate of 35 miles per hour.'

"This is positive law, and if you find from the evidence that the deceased was driving a motor vehicle without a brake or brakes sufficient to stop such vehicle within the distance above specified, then he was guilty of negligence as a matter of law, and if such negligence contributed proximately to the injuries by him sustained, then this plaintiff cannot recover."

That portion of the instruction relating to the sufficiency of the brake or brakes on motor vehicles is objected to, the argument being that there was no evidence introduced in the case that the car which the de-

ceased was driving at the time of the collision was or was not equipped with brakes such as the ordinance required. From our examination of the record, we are satisfied there was no evidence as to the sufficiency of the brakes, and that the only evidence upon the subject of brakes was that the deceased did not apply his brakes, in so far as witnesses who testified at all upon that subject observed. There was no testimony that the deceased even attempted to apply the brakes at any time.

Counsel for the respondents call attention to what is claimed to be indirect testimony consisting of skid marks on the pavement beyond the point of collision in the general direction the car of the deceased was traveling. In our opinion, however, that testimony is entirely insufficient to warrant any such instruction. The evidence relied on in that respect was by a civil engineer who prepared a map of the scene of the collision, and who, according to specific directions given him by counsel for the respondents with reference to the preparation of such map, indicated thereon, among other things, marks upon the pavement in the nature of skid marks. Those marks were sidewise. He testified, howver, that the skid marks were not parallel, and that the distance between them was a trifle more than the width of an automobile; that he took his observations from which the map was made the next day after the collision occurred; that there were a lot of scratches all along on the pavement, but that he had no way of identifying those shown upon his plat as being made from any particular car; and that the street at that place was very heavily traveled, being

". . . covered with different kinds of marks and there is no way of definitely determining that any particular mark was made at any particular time or by

any particular vehicle. I just measured the plain marks that I could see.''

Clearly this testimony did not justify the giving of the instruction, under the authority of our cases. In the case of *Eddy v. Spelger & Hurlbut*, 117 Wash. 632, 201 Pac. 898, which involved personal injuries to a pedestrian struck by a motor truck, the acts of negligence charged were excessive speed and failure to give warning. This court stated that, in the instructions to the jury, the trial court called attention to a provision of the statute which, among other things, provided that every motor vehicle shall be provided with good and sufficient brakes, concerning which the court then said:

''. . . nowhere either in the pleadings or the proof, was there any evidence which went to the question of there being other than good and sufficient brakes upon the car, and the instruction, which allowed the jury to find the appellant guilty of negligence if any violation had taken place of the provisions of the automobile law which was called to their attention, was an instruction not based upon any allegation or proof, and was, therefore, erroneous, and was so erroneous as, of necessity, must have prejudiced appellant's rights, since the evidence of the negligence charged was of a meagre and conflicting character.''

See, also, *Belkin v. Skinner & Eddy Corporation*, 119 Wash. 80, 204 Pac. 1046.

Counsel for respondents contend that giving the instructions, if erroneous, was not prejudicial, because the verdict is the only one that can stand under the evidence in the case. With this contention, we cannot agree. On the contrary, the questions of negligence and of contributory negligence were, in our opinion, matters for the jury to decide. The case, in this respect, both as to the instruction just referred to and the province of the jury with reference to the case, is

similar to that of *Stoddard v. Smathers,* 120 Wash. 53, 206 Pac. 933, which was a case of a pedestrian being struck by an automobile at a street intersection, in which case this court said:

"Without conceding the instruction to be error, the respondent argues that, in any event, the judgment should not be reversed for this reason because the verdict and judgment was manifestly right. In support of this contention, she relies upon a line of cases from this court which hold that a judgment will not be reversed for error in instructions where the verdict is so plainly in accordance with the evidence that it follows as a conclusion of law therefrom, or where the verdict, under the evidence, is the only one which could be permitted to stand. This case does not fall within that rule. The instruction was erroneous and also prejudicial. It is error to submit to the jury the question where there is no testimony upon which to base the instruction. *Belkin v. Skinner & Eddy Corporation,* 119 Wash. 80, 204 Pac. 1046."

This assignment of error must prevail.

An instruction calling attention to the provisions of an ordinance of the city requiring suitable bell, horn or other signaling device to be used only when there is danger of collision or accident with another vehicle, which instruction is complained of by the appellant, cannot be said to be prejudicial, we think, in view of evidence on behalf of the respondents that, before the collision actually occurred, the deceased turned suddenly to his left and onto his wrong side of the street on which he was driving.

Instruction No. 10 is complained of. The instruction was as follows:

"You are instructed that it was the duty of the deceased to drive his automobile in a careful and prudent manner, and if he saw, or by the exercise of ordinary care should have seen, the defendants' automobile approaching the intersection, or within the intersection, then it was his duty not to drive his automobile across

the path of the defendants' automobile so near the same as to make a collision possible or unavoidable, and this is true irrespective of who had the right-of-way, and if the deceased failed to so drive his automobile, the plaintiff cannot recover.''

To say that it was the duty of deceased to drive in a careful and prudent manner, was, of course, correct, as counsel for appellant admits, but to say, as was said in the instruction, that, if deceased saw, or by the exercise of ordinary care should have seen, defendants' (respondents') car *approaching the intersection or within the intersection,* it was his duty not to drive across the path of respondents' automobile so near the same as to make a collision possible or unavoidable, irrespective of who had the right of way, was contrary to other of the court's instructions that, under the ordinance making East Union street an arterial highway, one traveling on that street had the right of way. The giving of this instruction No. 10 constituted error in our opinion.

Appellant complains further of a portion of instruction No. 16 in which the jury was told that the rule giving one the right of way at an intersection has no application when the intersection is approached at such time that a person exercising due care would be led to a reasonable belief that he could pass with safety in front of a vehicle approaching on another street. The argument is that the statement that *the rule has no application* under the circumstances described deprived the jury of its right to determine that question. But, upon a consideration of all the instructions, it does not appear that the jury could have been misled in this respect.

Complaint is also made of instruction No. 18 on the ground that, in substance, the jury was told

''. . . that Mrs. Edmonson was called upon to herself determine whether she could cross the street

with a reasonable degree of safety, and that if she had no apprehension of danger she had a right to cross the street.''

It appears to us that counsel's criticism of the language in that paragraph of the instructions is not quite justified. On the contrary, the language says that, when the defendant (Mrs. Edmonson) approached the intersection, she was called upon, in the light of all the surrounding facts and circumstances, ''as they would have appeared to a person of ordinary prudence and caution, to determine whether she could cross with a reasonable degree of safety.''

The refusal of the court to give appellant's requested instruction upon the subject of the duty imposed by law upon drivers of motor vehicles to come to a full stop before entering upon or crossing an arterial highway, is assigned as error. Without setting it out in full, and considering it in connection with other instructions that need not be set out that were given by the court upon that subject, we think it sufficient to say that that subject was adequately and correctly covered by instructions that were given, and that there was no error in refusing the one requested by the appellant.

On account of the errors mentioned, the judgment is reversed and the cause remanded with instructions to the trial court to grant a new trial.

TOLMAN, HOLCOMB, FRENCH, MAIN, BEALS, and MILLARD, JJ., concur.