[No. 23170. Department One. September 21, 1931.]

ROBERT BURGE, *Respondent,* v. B. R. ANDERSON *et al.,*
*Appellants.*[1]

*Stephen V. Carey* and *Henry T. Ivers,* for appel-
lants.

*Ray M. Wardall* and *John J. Kennett,* for respond-
ent.

[1]Reported in 3 P. (2d) 131.

MITCHELL, J.—This is an action arising out of a collision between the automobiles of the plaintiff, Robert Burge, and the defendants B. R. Anderson and Mildred Anderson, his wife. The defendants have appealed from a judgment on a verdict in favor of the plaintiff.

The collision, which occurred in Seattle, happened at the intersection of east Northlake avenue, which runs east and west, and Latona avenue, which runs north and south. At the place of the collision, and for several hundred feet westerly, east Northlake avenue is paved. Latona avenue, south of east Northlake avenue, is not paved. Just prior to the collision, respondent had parked his automobile on the east side of Latona avenue, just south of east Northlake avenue, the car facing northeast with its front wheels either upon, or very near, the south curb line of east Northlake avenue, according to conflicting testimony. Appellants' car, driven by the appellant Mrs. Anderson, was proceeding easterly on east Northlake avenue, within two or three feet of the south curb line, and, according to conflicting testimony, ran into respondent's car either as it was standing still or after it moved into east Northlake avenue, and then glanced or ran obliquely across east Northlake avenue, coming to rest on the north side of the pavement.

Appellants complain first of the court's instructions referring to certain provisions of the motor vehicle act of the state as to speed; (1) fifteen miles an hour in traversing an intersection of highways when the driver's view is obstructed, and (2) fifteen miles an hour in traversing or going around curves or corners of a highway when the driver's view is obstructed a distance of two hundred feet along the highway in the direction in which he is proceeding. As to the first, appellants admit that the instruction was not erroneous if Latona avenue extends south of east North-

lake avenue, but they contend that, although platted as such years ago, that portion of it is no longer other than private property because of nonuser of it by the city.

But the facts, in our opinion, are against that contention. It is a part of the street by the recorded plat, which has never been vacated, and for years, down to the present time, the city has maintained a sewer on it; has erected and maintained a bulkhead on it to protect travelers from the waters of Lake Union nearby, to which this portion of the platted street leads, and, while no pavement or sidewalk has been built on it, a roadway has been used over it for a great many years by trucks and other vehicles, frequently forty or fifty a day, going to and from coal and gravel bunkers on the lake. Mrs. Anderson admitted that she knew of the roadway. Under all the circumstances, we think this portion of the street was a highway within the purview of the statute defining obstructed highways.

As to the second—speed in traversing or going around curves—the evidence is not as clear and satisfactory as it might be concerning the location of a perceptible curve in east Northlake avenue with respect to its proximity to the place of the accident, but we are of the opinion there was enough evidence in that respect to say that the submission of this question to the jury did not constitute reversible error.

■ Next, it is contended that reversible error was committed in instructing the jury that an ordinance of the city provided

"No person shall drive a motor vehicle without a brake or brakes sufficient to bring and capable of bringing such vehicle together with any trailer that may be attached thereto, to a full and complete stop within . . . sixty (60) feet when the same is traveling at a rate of twenty-five miles per hour . . ."

The court had already told the jury of an allegation in the complaint, denied in the answer, that defendants' car was operated with insufficient brakes, and, in effect, that the violation of any state law or ordinance of the city was negligence *per se;* and the argument is that the instruction as to driving without sufficient brakes was uncalled for, because of the lack of any evidence upon the subject, and was therefore prejudicial. Respondent objects to the consideration of this assignment because the exceptions to the giving of the instruction are insufficient, but we think they are sufficient.

The record fails to disclose any substantial evidence on the subject of defective brakes. True, the bill for repairs of appellants' car showed a small item for adjusting the brakes, but the car had then been in the collision and was badly damaged, and besides, according to testimony wholly undisputed, such adjustment was incidental to the removal and repair of the wheels of the automobile. The repair cost bill containing this item was not introduced, as we understand the record, in support of any claim that the brakes on appellants' car were defective at the time of the collision.

We have frequently and consistently held it to be error to submit to the jury a question where there was no substantial testimony upon which to base the instruction. *Tergeson v. Robinson Mfg. Co.,* 48 Wash. 294, 93 Pac. 428; *Stoddard v. Smathers,* 120 Wash. 53, 206 Pac. 933; *Spokane Valley State Bank v. Murphy,* 150 Wash. 640, 274 Pac. 702; *Belkin v. Skinner & Eddy Corporation,* 119 Wash. 80, 204 Pac. 1046; *Eddy v. Spelger & Hurlbut,* 117 Wash. 632, 201 Pac. 898; *Hellenthal v. Edmonson,* 158 Wash. 276, 290 Pac. 831. The two last cases cited involved instructions as to defective brakes where there was no evidence on the sub-

ject, the giving of which was held to be prejudicial and reversible error.

This case is to be distinguished from such cases as *Gabrielsen v. Seattle,* 150 Wash. 157, 272 Pac. 723, 63 A. L. R. 200, and *Tenneson v. Kadiak Fisheries Co., ante* p. 380, 2 P. (2d) 745, involving the giving of abstract instructions, correct in principle, where no issue upon the subject was presented.

█ The giving of instruction No. 13 is assigned as error, but no argument is made upon the assignment, for which reason we give it no further attention, under the rule.

█ The next assignment is upon the giving of an instruction as follows:

"Drivers, when approaching public highway intersections, shall look out for and give right-of-way to vehicles on their right, simultaneously approaching a given point within the intersection, and whether such vehicles first enter and reach the intersection or not; provided, this paragraph shall not apply to drivers on arterial highways."

Two grounds are urged in support of this assignment: (1) that rights at a highway intersection were not involved; and (2) that, admitting it was a highway intersection, the automobiles were not simultaneously approaching a given point within it. As to the first ground, beyond its being somewhat affected by a consideration of the precise location of respondent's car at the time of the collision, as mentioned in considering the second ground for the assignment, the contention is that that portion of Latona avenue at which the car was parked was no longer a highway, but only private property, because of nonuser. But, as before stated, we are compelled to hold to the contrary.

Nor can we agree to the second ground for the assignment. It is said that, if the crossing of the highways was an intersection, the instruction would not apply because the collision occurred while respondent's car was at rest just south of east Northlake avenue—that, being at rest, it could not be approaching at all. However, as to the facts in this respect there was a conflict in the evidence as to whether respondent's car until struck was at rest wholly on Latona avenue or with the front end extending slightly over the south side of east Northlake avenue; and whether respondent suddenly moved his car into east Northlake avenue so shortly ahead of appellants' car as to make the application of the instruction unreasonable. Appellant Mrs. Anderson testified that the respondent

" . . . rolled onto the pavement slowly immediately in front of my car and I turned to the left just as sharply as I could and then the cars came into collision."

Again, she testified that, immediately after the accident,

"I asked him about driving on the pavement without giving a signal. He said, 'I put out my hand.' I said 'You didn't put out a finger.' He said, 'I may not have put out my arm, but I did put out my hand.' "

Certainly, the lines to be traveled by the two automobiles were designed to approach a given point within the intersection, and whether the facts were such as to make the instruction objected to applicable, that is, whether they were simultaneously approaching a given point within the intersection, was, in our opinion, a question for the jury.

Other assignments of error require no further or distinctive consideration, being disposed of by what

has already been said upon assignments already discussed.

Judgment reversed on account of error in giving instruction as to defective brakes, and a new trial ordered.

TOLMAN, C. J., PARKER, MAIN, and HOLCOMB, JJ., concur.