[No. 12599.  Department Two.  November 20, 1915.]

CORA S. ENNIS, *Respondent,* v. RUSH BANKS et al., *Appellants.*[1]

PHYSICIANS AND SURGEONS—MALPRACTICE—PLEADINGS — VARIANCE. In an action for malpractice in which the facts constituting negligence are specifically alleged, it is error, constituting a material variance, to admit evidence of other acts of negligence.

SAME—MALPRACTICE—COMPLAINT—NEGLIGENCE—ALLEGATIONS AND PROOF. In an action for malpractice in which one paragraph of the complaint charged the specific acts of negligence, and subsequent paragraphs merely alleged the removal and death of the patient and damages because of the negligent treatment of·the plaintiff referred to in the first paragraph, the complaint fails to allege negligence generally; and hence the proof should be confined to the specific acts of negligence set out in the first paragraph.

SAME—MALPRACTICE—NEGLIGENCE — ISSUES AND PROOF — INSTRUCTIONS. In an action for malpractice in which the complaint charged only specific acts of negligence, it is error to instruct the jury to find for the plaintiff if the defendant failed in "any respect" to exercise the proper degree of ability and skill.

SAME—MALPRACTICE — NEGLIGENCE — EVIDENCE — SUFFICIENCY. In an action for malpractice in treating a case of typhoid, evidence that

[1]Reported in 152 Pac. 1037.

a toast and egg diet complained of was improper under the circumstances is sufficient evidence of negligence to require submission of the case to the jury.

Appeal from a judgment of the superior court for Lewis county, Rice, J., entered August 4, 1914, upon the verdict of a jury rendered in favor of the plaintiff, in an action for malpractice. Reversed.

*George C. Congdon* and *Forney & Ponder*, for appellants.
*Wedmark & Grimm* and *C. D. Cunningham*, for respondent.

MORRIS, C. J.—This is an action by Cora S. Ennis to recover damages from the defendant for alleged malpractice in the treatment of her husband during an attack of typhoid fever which resulted in his death. The defendant was called to attend Mr. Ennis on December 22, 1913, and on the following day removed him to his hospital at Centralia, where he remained under the defendant's care until January 14, 1914, when Mrs. Ennis, being dissatisfied with the treatment, caused his removal to his own home and secured the services of another physician. Mr. Ennis failed to improve, and died on the morning of January 16. Thereafter, Mrs. Ennis began this action, and from a verdict in her favor, the defendant has appealed.

The alleged malpractice on which the respondent based her right to recover is set out in paragraphs five to eight of the complaint. The italics are ours. The charge of negligence in paragraph five is as follows:

"That thereafter, and on the morning of the 12th day of January, 1914, the condition of Donald Ennis, deceased husband of plaintiff, was improved and the said improved condition continued until the morning of January 14, 1914, at or about the hour of nine (9) a. m. of that day and that at said time the said defendant, Rush Banks, *negligently, carelessly and unskillfully directed, prescribed and commanded that the said Donald Ennis be given a diet of poached eggs and toasted bread.*"

Paragraph six set out the result of that negligence as follows:

"Pursuant to the directions and prescriptions of the said defendant, Rush Banks, on the day and date aforesaid, the said bread and eggs were prepared and the same was given and fed to the said Donald Ennis, and that thereafter and within a few hours, the said Donald Ennis became very sick and suffered great pain in his stomach and bowels, and *because of said carelessness, negligence and unskillful treatment, as hereinabove mentioned*, the bowels of the said Donald Ennis were perforated and torn."

Paragraph eight alleges that, by reason of the carelessness, negligence and unskillful treatment of the said Donald Ennis by the said Rush Banks "*as heretofore set forth*," the respondent has sustained damages for which she asks judgment. It will be noticed that the allegations of negligence in paragraphs six and eight expressly refer to the specific act charged in paragraph five the giving of a toast and egg diet. Paragraph seven of the complaint is as follows:

"That thereafter, and on the afternoon of January 14th, 1914, *because of the careless, negligent and unskillful treatment of the said defendant* Rush Banks, the said Donald Ennis *was removed* from the said defendants' hospital to plaintiff's home at Centralia, Lewis county, Washington, and that thereafter plaintiff summoned Dr. J. G. Sargent, a regular practicing physician, to administer and prescribe for said Donald Ennis; but, at the time the said J. G. Sargent was secured to treat and care for Donald Ennis, the condition of the said Donald Ennis was *so critical and so dangerous, because of the careless, negligent and unskillful treatment of the said defendant*, Rush Banks, that the said Donald Ennis died on or about January 16th, 1914."

At the trial the respondent was allowed, over objection, to introduce evidence of the entire course of treatment of the deceased, including evidence of acts of negligence other than the specific act of giving the toast and egg diet. The court, being of the opinion that the complaint made a general charge of negligence, admitted the evidence and instructed the jury

that, if they should find that the appellant did not exercise
as high a degree of skill as is ordinarily exercised by phy-
sicians in the same or similar localities, but if in *some* respect
he failed to exercise that degree of ability and judgment
ordinarily exercised by members of the profession, and if
such failure was the proximate cause of the death of deceased,
then they should find for the respondent.

·The admission of evidence of the appellant's entire treat-
ment of the deceased, and the instructions that the jury
should consider any acts of negligence, are the principal
grounds urged for a reversal. The respondent contends that
the allegation of negligence contained in paragraph seven is
a general allegation of negligence which will admit proof of
any negligent treatment by the appellant; while the appel-
lant contends that the evidence should have been limited to
showing negligence as charged in paragraph five in the giv-
ing of the toast and egg diet, and that the jury should have
been instructed to find for the respondent only if that act
was found to constitute negligence resulting in the death of
Mr. Ennis. In the case of *Albin v. Seattle Elec. Co.*, 40
Wash. 51, 82 Pac. 145, we held that, under a specific allega-
tion, where there was no general allegation of negligence,
evidence of other negligent acts was inadmissible, saying:

"If the facts constituting negligence are specifically al-
leged, the pleader, in presenting his evidence, should be limited
to proof of such facts, otherwise there would be a variance
to the prejudice of the opposite party."

So here, unless the allegation in paragraph seven can be
construed as a general allegation of negligence, evidence of
any other negligent acts was inadmissible, and the instruc-
tion which allowed the jury to consider any negligent act by
the appellant were erroneous. Construing the complaint in
its entirety, we are of the opinion that there is no general al-
legation of negligence under which evidence of negligent treat-
ment other than the specific act charged is admissible. The
allegations of paragraph seven, which the respondent relies

upon as a charge of general negligence, are given as the reason for the removal of the deceased to his home and as the cause of his critical condition, but are not separate allegations that the appellant treated the deceased in an unskillful manner or that he was guilty of any negligence. To hold that the statements in paragraph seven charge the appellant generally with negligence would, in our opinion, be giving to the language used a strained construction, and would do violence to the very rule which the respondent herself asks us to invoke, namely, that the complaint be construed as a whole to determine its meaning.

We do not hold that the respondent was obligated to plead her evidence or set out in detail specific acts under a general charge. What we do hold is that, having charged the appellant with a specific act of negligence, she may not under that charge introduce evidence of other acts and attempt to show negligence therein, and have the jury instructed to find for her if they find that the appellant failed in *any respect* to exercise the degree of ability, skill, and judgment ordinarily possessed and exercised by members of the medical profession practicing in his own and similar localities. The evidence should have been restricted to that tending to prove that the giving of a toast and egg diet was in this particular case unskillful and negligent treatment, and the jury should have been instructed to find for the respondent only if they so determined. While this rule would permit the respondent to introduce evidence of the appellant's treatment of her husband prior to the giving of the toast and egg diet, it would permit such evidence only for the purpose of showing that the diet given was improper in his then condition. Testimony given by the nurse as to the length of a rubber tube used in giving enemas, and by the respondent as to the heart action of her husband, had no bearing on the issue to be determined and could only have been confusing to the jury, and should therefore have been excluded. We have sufficiently referred

to the instructions to show that they did not properly put before the jury the sole issue in the case, but allowed them to consider generally whether any part of the treatment by the respondent was negligent.

The appellant urges that the trial court should have granted his motion for a nonsuit at the close of the respondent's case. There was, however, evidence that the toast and egg diet was, under the circumstances, an improper treatment. Dr. Blair so testified. This was evidence that the specific act alleged was negligent, and this evidence should have been submitted to the jury under proper instructions.

The motion for nonsuit was properly denied; but because of the improper admission of evidence and the erroneous instructions, the case must go back for a new trial. This conclusion makes it unnecessary for us to consider other grounds of error assigned.

Judgment reversed, and the cause remanded for a new trial.

MAIN, FULLERTON, and ELLIS, JJ., concur.