[No. 16660. Department Two. November 29, 1921.]

## MARY EDDY, *Respondent*, v. SPELGER & HURLBUT, INCORPORATED, *Appellant*.[1]

NEW TRIAL (22)—GROUNDS—VERDICT CONTRARY TO EVIDENCE. A new trial was properly denied in an action for personal injuries, where there was evidence supporting plaintiff's theory of the case, although the eye-witnesses to the accident were few and the physical facts preponderate strongly in defendant's favor.

EVIDENCE (197)—OPINION EVIDENCE—BODILY APPEARANCE OR CONDITION. In an action to recover damages for being run into by a motor truck, it is error to allow a doctor, who had examined plaintiff after the accident, to testify she had been first struck at a discolored place on her back, where the evidence shows there were a number of other discolorations and bruises upon the body.

TRIAL (93)—INSTRUCTIONS—APPLICATION TO CASE—PLEADING AND PROOF. Where the acts of negligence charged in the complaint in an action for damages by a pedestrian struck by a motor truck were that the vehicle was operated at excessive speed and without giving warning, it was error for the trial court in its instruction to inject the issue of insufficient brakes, where it was nowhere raised in the pleadings or proof.

MUNICIPAL CORPORATIONS (380, 392)—STREETS—COLLISION WITH AUTO TRUCK—VIOLATION OF ORDINANCE—INSTRUCTIONS. Where an action for damages was based on the negligence of defendant in striking with a motor truck a pedestrian in the street who had alighted from a street car, it was not error for the court to refuse an instruction based on a city ordinance prohibiting pedestrians from stepping into a street at a point between street intersections.

[1]Reported in 201 Pac. 898.

SAME (381, 390)—COLLISION—VIOLATION OF ORDINANCE—RATE OF SPEED—QUESTION FOR JURY. The refusal of the court to take the issue of speed of a motor vehicle from the jury in a damage case was not error, where there was evidence that the rate of speed violated both a city ordinance limiting speed at street crossings and also a state statute (Laws 1915, p. 394, § 23) prohibiting the driving of a motor car at a greater rate than is reasonable and proper, having a regard for the traffic on the highway.

Appeal from a judgment of the superior court for King county, Hall, J., entered March 12, 1921, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by a pedestrian struck by an automobile. Reversed.

*James B. Murphy* and *Ward C. Kumm,* for appellant.

*Longfellow & Fitzpatrick,* for respondent.

MACKINTOSH, J.—Respondent, near the corner of Second avenue and Pine street, in the city of Seattle, was run into by a delivery car belonging to the appellant.

Respondent's theory of the case is that she alighted from the front end of a north-bound Second avenue street car, which had stopped at the southerly crossing of Pine street, and had passed in front of the car and was walking on the crossing, when she was run into by the south-bound automobile of the appellant.

Paragraph eight of respondent's complaint charged:

"That said injuries to plaintiff's person were caused and produced by the carelessness of defendant and its servants and agents, and particularly in this, to wit: That said defendant, its agent and servant, negligently and carelessly ran the said auto delivery truck at the time of the accident herein mentioned at a rapid, dangerous, unlawful and excessive speed without giving warning to said plaintiff, contrary to the laws of the state of Washington and in violation of ordinance No. 39720 of the city of Seattle."

The appellant's theory of the case is that the respondent alighted from the rear end of the street car and passed around the rear end for the purpose of crossing to the west side of the street; that when she came into view of the appellant's driver, he had passed the crossing and was so close upon her that it was impossible to avoid striking her. The appellant, in its answer, pleaded certain affirmative defenses, among which was the violation by the respondent of the city ordinance regulating the rights and duties of pedestrians and motor vehicles, § 52 of the ordinance being:

"Pedestrians shall not step into that portion of the street open to moving traffic at any point between street intersections where their presence would be obscured from the vision of approaching traffic by a vehicle or other obstruction at the curb, except to board a street car, or to enter a safety zone, at right angles."

The jury returned a verdict in favor of the respondent, from which the automobile owner has appealed.

It is first urged that a motion for a new trial should have been granted by the trial court for the reason that the evidence and the physical facts preponderate so strongly in the appellant's favor that the entire evidence in the case cannot be said to support the verdict. The motion was properly denied, however, as, although the eye-witnesses to the accident were few, there was sufficient evidence supporting the plaintiff's theory of the case to entitle it to submission to the jury.

It is next urged the court was in error in allowing the doctor who had examined the respondent after the accident to testify that the respondent had been first struck at a discolored place upon her back. One of the material questions in the case for the jury to determine was the position of the respondent at the time she was struck, that is, whether she was facing the truck or

whether she had been struck by it while crossing the street and when she could not see it. The testimony showed that there were a great many discolorations and bruises upon the respondent's body and that expert opinion could not determine which one of these discolorations or bruises was made by the initial impact of the automobile. It was, therefore, error to allow the doctor, who had not been an eye-witness of the accident, to testify as to his opinion in regard to the matter. While this error may not have been sufficiently prejudicial of itself to entitle the appellant to a new trial, it was, nevertheless, error.

The next error assigned is based upon the following instruction given by the court to the jury:

"Also there was in force at the time of said collision, Section 22, Chapter 142, Laws of 1915 of the state of Washington, as follows: 'Every motor vehicle shall be provided with good and sufficient brakes and with a suitable bell, horn, or other signal, which shall be rung or blown as a signal or warning to any person or whenever there is danger of a collision or accident.' I instruct you that if you find from a fair preponderance of the evidence that the operator of defendant's auto truck violated any of the provisions of the foregoing statutes, and if such violation was the proximate cause of injury and damage to plaintiff, then said defendant would be liable for such injury or damage, unless you further find that at said time plaintiff was guilty of contributory negligence."

Referring to the eighth paragraph of appellant's complaint, which was the only one alleging the negligence which caused the injury, we find therein that the acts of negligence alleged are excessive speed and failure to give warning. The case was tried upon this theory; and nowhere, either in the pleadings or the proof, was there any evidence which went to the question of there being other than good and sufficient

brakes upon the car, and the instruction, which allowed the jury to find the appellant guilty of negligence if any violation had taken place of the provisions of the automobile law which was called to their attention, was an instruction not based upon any allegation or proof, and was, therefore, erroneous, and was so erroneous as, of necessity, must have prejudiced appellant's rights, since the evidence of the negligence charged was of a meagre and conflicting character.

The next error assigned is the refusal of the court to give an instruction advising the jury that the respondent would be guilty of negligence, as a matter of law, for having violated § 52 of the city ordinance, hereinbefore set forth. As we read that section, it has no application to the facts in this case, but it is a section referring to a pedestrian stepping from the curb to the roadway, and was not drawn for the purpose of covering cases such as the one at bar. The court did properly instruct the jury as to the effect of the violation of the other section of the ordinance which had been plead.

It is further alleged that the court erred in refusing to grant appellant's motion to take the question of speed from the consideration of the jury. This motion was properly denied, as there was evidence sufficient to go to the jury; some testimony, in fact, was given by the driver of the appellant's car himself that he was driving at the rate of twelve miles an hour, which was an unlawful rate of speed if it was the speed used at the place where the respondent claims the injury occurred, to wit, the crossing, and in addition to that, the law of this state provides, in chapter 142, Laws 1915, p. 394, § 23, that no person shall drive a car at a greater rate than is reasonable and proper, having a regard for the traffic, etc., and there is a question pre-

sented under the circumstances of the case whether the driver of the car was violating that statutory provision. Hence we find no error in the refusal of the court to take the issue of speed from the jury.

The last assignment of error is in regard to the amount of the verdict, but it is unnecessary for us to consider this question, in view of the fact that we are remanding the case for new trial.

The judgment is reversed, with instructions to grant a new trial.

PARKER, C. J., MAIN, HOLCOMB, and HOVEY, JJ., concur.