[No. 17069.   Department Two.   July 15, 1922.]

IRWIN S. SHIPLEY *et al., Respondents,* v. N. P. NELSON, *Appellant.*[1]

PLEADING (168)—ISSUES—SCOPE.   Where specific acts of negligence are set out, either with or without a general allegation, the proof must be confined thereto.

HIGHWAYS (59)—TRIAL (96)—NEGLIGENT USE—INSTRUCTIONS—MATTERS OUTSIDE ISSUES.   In an action for injuries through negligent driving on the highway, under a complaint charging a high and reckless rate of speed, it is error to submit to the jury negligence in failing to carry a signal device or to give warning of the approach.

HIGHWAYS (57, 59)—NEGLIGENT USE—EVIDENCE—INSTRUCTIONS. Upon an issue of negligent driving on the highway, the evidence of plaintiff that he heard a noise just before he was struck but could not say what it was, is insufficient to authorize an instruction to the jury as to failure to properly equip a car with a signal device or to give any warning.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered September 22, 1921, upon the verdict of a jury rendered in favor of the plaintiff, in an action in tort.   Reversed.

*Morris B. Sachs,* for appellant.

*Coleman & Fogarty,* for respondents.

MACKINTOSH, J.—The complaint in this action alleged that "the defendant, N. P. Nelson, also traveling south, driving an automobile at a high and reckless

[1]Reported in 207 Pac. 1046.

rate of speed and going up-hill, in broad daylight, so
carelessly, negligently and recklessly managed and op-
erated said automobile that the same was driven over
and upon the plaintiff, Irwin S. Shipley,'' thereby in-
juring Shipley. The trial of the case resulted in a
verdict in favor of the plaintiff, from which the de-
fendant has appealed.

A reading of the testimony in the case discloses suf-
ficient evidence to justify the trial court's refusal to
grant defendant's motion to dismiss the action at the
close of the plaintiffs' case, and also its denial of the
defendant's motion for judgment notwithstanding the
verdict.

Among other instructions which the court gave the
jury was the following:

"It is proper, I think, in this connection to instruct
you upon another provision of the law, which requires
anyone using a motor vehicle upon the public roads
or highways to be equipped with a proper bell, horn
or other signal device in order to warn a person in case
of danger. The complaint in this case does not specify
that as one of the grounds of negligence, but it is a
proper matter to be taken into consideration in de-
termining whether or not the defendant in this case
used the proper care in approaching the plaintiff and
his bicycle when he was approaching him on the high-
way; so that, if you find from a preponderance of the
evidence that under the circumstances of this particu-
lar case it would have been proper or reasonable for
the defendant to give warning of his approach in order
to avoid the injury or danger to the plaintiff, then it
would be his duty to give such warning as to notify
the plaintiff of his approach, and if he failed to do that
it would be a lack of reasonable care in the operation
of his machine.''

The giving of this instruction is assigned as error
for the reason, as argued, that the allegation of negli-
gence pleaded by the plaintiff was specific and referred

only to "high and reckless rate of speed." While it is true that, as we have held in *Albin v. Seattle Elec. Co.,* 40 Wash. 51, 82 Pac. 145; *Ennis v. Banks,* 88 Wash. 237, 152 Pac. 1037, and *Eddy v. Spelger & Hurlbut,* 117 Wash. 632, 201 Pac. 898, where there is a general allegation of negligence in a complaint which is followed by a specification of the acts of negligence complained of, or where negligence is specifically set out without any general allegation, the evidence must be confined to the specific issue so presented in the pleadings, in the absence of any amendment; yet, as we read the allegation of negligence here, we cannot agree with the plaintiffs' contention, for the complaint seems to allege, in addition to the high and reckless rate of speed, the careless, negligent and reckless management and operation of the automobile, which would justify the court in submitting to the jury the question of whether the defendant was negligent under the general provisions of the statute providing that a person shall drive in a careful and prudent manner, and not at a greater rate of speed than is reasonable and proper, and with due regard to the traffic and use of the road by others.

The instruction complained of, however, is improper for the reason that there was no testimony in the case to the point that the automobile was not properly equipped with sounding apparatus, or that this had not been used and that no warning had been given. Several witnesses for the defendant testified that proper warning signals were given, and the only testimony on this point by the plaintiff was the following, from his cross-examination:

"Q. And as I understood your testimony on the direct examination, you say that you heard a noise behind you? A. I heard something just before I was struck. Q. Now what was that? A. That I couldn't

tell. Q. Was it a horn honking? A. I couldn't swear to that. I heard something and seems like it came just like that (indicating) and I was hit."

This evidence was not sufficient to submit this phase of negligence to the jury.

A motion was made for new trial on the ground of the misconduct of the jury. It is unnecessary to discuss this assignment of error to any extent, for although the new trial should have been granted on account of this misconduct, it is a matter which will not arise on a retrial of the case.

The erroneous instruction and the misconduct of the jury entitle the appellant to a new trial.

Judgment reversed and cause remanded.

PARKER, C. J., MAIN, HOLCOMB, and HOVEY, JJ., concur.