[No. 22025. Department Two. January 2, 1930.]

EDWARD BEAULIER, *by his Guardian ad litem Paul H. Beaulier, Respondent*, v. LEO A. MAHONEY *et al., Appellants.*[1]

[1]Reported in 283 Pac. 707.

142

*McCarthy, Edge & Lantz,* for appellants.

*Robt. F. Waldron* and *Williams & Cornelius,* for respondent.

HOLCOMB, J.—This action was brought against the operator of a taxicab and the insurer of the operator to recover damages for personal injuries. Respondent, suing by his guardian *ad litem,* was a boy of nearly eighteen years at the time of the accident. He will be referred to as if the only respondent. He was employed at the postoffice in Spokane, delivering special delivery letters. At about midnight on October 6, 1928, he had finished his shift at the postoffice and was travelling eastward on his bicycle on Main avenue, Spokane, returning to his home. Main avenue is one of the principal thoroughfares, running east and west. Stevens street, another main business street down town, intersects Main avenue, running north and south. The boy was traveling about eight feet out from the curb on the south side of Main avenue, and, when he reached the intersection of Main avenue and Stevens street and was eight to twelve feet within the intersection, the taxicab overtook him, cut around in front of him and collided with his bicycle, throwing respondent up into the air so that he fell from a height of about six feet to the pavement. Two eyewitnesses of the collision immediately went to the boy, found him bleeding from the mouth, was mumbling to himself, but was not rendered unconscious. He was taken to the emergency hospital, where a cursory examination was made, disclosing the loss of a front tooth. The boy was informed that the case was one for a dentist, and he was then taken to his home. When taken to his home, it was found that he had severe bruises and contusions on his head and a bruised shoulder. He had fallen on his head and right jaw. Although the evidence was

conflicting upon that matter, the jury were justified in finding from the evidence on behalf of respondent that he suffered bruises and contusions, loss of a tooth, a serious impairment of the vision of one eye, impairment of his mental faculties and had suffered severe headaches from the time of the accident.

Respondent was traveling in a straight course along Main avenue at the rate of four or five miles per hour. He had no light on the front of his bicycle, but had a reflecting mirror on the rear, which would show red to any one approaching, with lights, from behind. Mahoney was driving his taxicab to the rear of respondent and within the car rails going at a speed estimated by the spectators at nearly forty miles an hour. When he turned the corner in the intersection, his car left heavy skid marks of the inside wheels on the pavement, eight or ten inches wide. After Mahoney entered the intersection, and until after the accident, he was traveling over twenty miles an hour. The statutory limit at and across such intersections is fifteen miles an hour. The streets at the intersection were brilliantly lighted, so that one could see a man at least a block—perhaps two blocks—away, on the street. There was no traffic or obstruction in the street which interfered with Mahoney's seeing respondent. When questioned by police officers, Mahoney claimed that he did not see respondent or know that he had collided with him, although he heard the taxicab strike something which he thought was thrown up against the fender. The collision was heard half a city block or more.

The jury which tried the case returned a verdict as follows:

"We, the jury in the case of Ed. Beaulier, an infant, by Paul H. Beaulier, his guardian *ad litem*, plaintiff, vs. Leo A. Mahoney and United States Inter-Insurance Association, defendants, find for the plaintiff and

assess his damages at the sum of three thousand and no/100 dollars ($3,000), and against the defendant, Leo A. Mahoney (for any sum in excess of $2,500) for the sum of five hundred and no/100 dollars.''

The allegation of negligence against Mahoney in the complaint, somewhat abridged, is that he was driving easterly on Main avenue, and, at or about the time respondent reached the intersection of the streets, Mahoney negligently and carelessly drove and operated his automobile at an excessive rate of speed, to wit, in excess of the limit fixed by the statutes of the state of Washington, and while so operating and driving his automobile, turned to the right and into and against the bicycle which respondent was riding, without giving any signal or notice of his approach or intention so to do.

The court instructed the jury that, if Mahoney was driving his automobile and came into collision with Beaulier at the intersection of streets, it was his duty, under the law of Washington, when approaching such intersection, to look out and give right of way to Beaulier if Beaulier was on Mahoney's right, if they were simultaneously approaching a given point within the intersection, irrespective of which first entered and reached the intersection.

The first assignment of error is based upon the foregoing instruction.

It is asserted that the only negligence alleged on the part of Mahoney was that he drove his automobile at an excessive rate of speed, turned to the right and ran into the boy's bicycle without giving him any notice or signal of his approach or intention to turn. It is conceded that failure to accord the right of way given respondent under the law is an act of negligence recognized by law and, in order to be used as a ground of negligence by respondent, should have been alleged in

his complaint, to which appellants would have had a right to move, demur, or answer. It is insisted that, since both were proceeding eastwardly along the same street, they did not approach an intersection from different directions, for which situation the law relating to approach of two cars to a given point within an intersection was intended to apply.

*Eddy v. Spelger & Hurlbut,* 117 Wash. 632, 201 Pac. 898, is cited, where the negligence complained of was speed and failure to give warning, and the court instructed that it was the duty of the defendant to have good and sufficient brakes on his car, and this court held that such instruction was not based upon any allegation or proof, was therefore erroneous and must of necessity have prejudiced appellant's rights. *Shipley v. Nelson,* 121 Wash. 39, 207 Pac. 1046, and *Kerr v. Hansen,* 140 Wash. 459, 249 Pac. 977, are also cited, where there were similar radical variances from the allegations and proofs in instructions.

There is no such radical variance here. A violation of the right of way was alleged in the complaint, in that it was averred that Mahoney, "at the intersection, turned to the right and into and against the bicycle of respondent." The evidence is undisputed that both were simultaneously approaching the intersection. When Mahoney turned to his right at the intersection, he placed the boy's bicycle on his right, and the boy thereby acquired such benefit as would attach to the enjoyment of that right of way across the intersection. *Onkels v. Stogsdill,* 151 Wash. 194, 275 Pac. 692.

The undisputed evidence is that both respondent and Mahoney were from eight to twelve feet within the intersection when the collision occurred. The undisputed evidence also is that Mahoney was driving his taxicab at an excessive rate of speed and turned in the intersection to his right at an excessive rate of speed

without regard to the rights of respondent. However, his liability would have been the same had he driven his car in the same manner and turned to the right in front of the boy in the middle of a block, if he knew or should have known, that the boy was there, on his bicycle, traveling in his rightful place.

Whether the instruction is technically correct as applying the law relating to approach from different directions at street intersections, or not, we cannot consider the instruction prejudicial. There was no evidence whatever tending to show any contributory negligence on the part of respondent; and the undisputed evidence as to the manner of driving of Mahoney, with the conditions there present, established his liability as a matter of law.

■ Appellants' next assignment is that the trial court should have granted a new trial on the ground of excessive damages appearing to have been given under the influence of passion and prejudice.

The entire record has been examined with care, and, while there is very persuasive evidence that the injuries could not have resulted from such a fall and were not as serious as respondent claimed, yet there was positive evidence to the contrary given by respondent's former school teachers and his parents, which the jury were warranted in believing.

There being substantial evidence to sustain the amount of the verdict, it is not for us to interfere with the award of the jury.

■ The last claim of error of appellants is as to the verdict.

It is asserted that a fair inference from the verdict is that the jury intended to render a verdict against Mahoney for $500 only, and for the remainder of the award against the insurer, and that it does not author-

ize the judgment for $2,500 against the insurer, and $3,000 against Mahoney.

We believe that no such deduction can justly be derived from the verdict. The amount of the penalty of the bond of the insurer was $2,500. The jury were so instructed. No greater amount could have been awarded against the insurer. It is manifest that the verdict means that respondent should recover $3,000, of which $2,500 should be recovered from the insurer and the remaining $500 from Mahoney; but, in any event, Mahoney is liable for the whole.

Finding no error, the judgment is affirmed.

MITCHELL, C. J., FULLERTON, FRENCH, and MAIN, JJ., concur.