[No. 28384. *En Banc.* February 3, 1942.]

JOHN DICK, *Respondent,* v. GREAT NORTHERN RAILWAY COMPANY, *Appellant.*[1]

[1] Reported in 121 P. (2d) 966.

*Edwin C. Matthias* and *Charles S. Albert,* for appellant.

*Koenigsberg & Sanford,* for respondent.

MILLARD, J.—This action was instituted under the Federal employers' liability act (45 U. S. C. A., § 51, April 22, 1908, chapter 149, § 1, 35 Stat. 65) to recover for personal injuries alleged to have been sustained, as a result of defendant's negligence, by plaintiff longshoreman February 25, 1939, while employed by defendant at its dock in the city of Seattle. By answer, defendant denied negligence on its part and pleaded affirmative defenses of contributory negligence and assumption of risk. Trial of the cause to the court sitting with a jury resulted in verdict of two thousand dollars in favor of plaintiff. From judgment entered on the verdict, motions for judgment notwithstanding the verdict and for new trial having been denied, defendant appealed.

Counsel for appellant contend that two instructions given over objection were prejudicially erroneous. By one instruction, the court submitted to the jury, as a separate and independent ground of negligence, alleged failure to furnish a reasonably safe place to work, after the issues had been framed by the court and counsel to exclude it as such ground of negligence. By a second instruction, recovery was permitted if appellant was negligent "in one or more respects" charged in respondent's complaint, when the three grounds of negligence upon which the action is bottomed are dependent each upon the other.

Respondent alleged in his complaint that, after stowing cargo in a box car of appellant, he and another employee endeavored to close the car door, which jammed; that, when they attempted, by the application of more than usual physical strength, to close the door, the door was thereby released, respondent lost his balance and slipped on the surface of the platform from which cargo was loaded into the box car; and that, in endeavoring to stop his fall, he extended his left arm and the box car door closed against the fingers of his left hand, which necessitated amputation of a portion of the second and third fingers of that hand. Respondent alleged, as follows, that appellant was negligent in the following respects:

"(a) In failing to furnish a reasonably safe place to work.

"(b) In furnishing a freight car with a door which was defective and out of repair.

"(c) In failing to keep said platform free of foreign substances which created a dangerous condition.

"(d) In failing to make proper and reasonable inspection of said freight car door and said platform."

Appellant's motion to make the complaint more definite and certain, by stating in what respect the

freight car door was defective and out of repair, and in what respect appellant failed to furnish a reasonably safe place to work, was denied. However, respondent's counsel having consented thereto, the court ordered the respondent to limit the general allegation of negligence "(a) In failing to furnish a reasonably safe place to work" by adding the words "as specifically set forth herein," thereby restricting the claims of negligence to a defective car door, foreign substances on the platform, which created a dangerous condition, and failure to make proper and reasonable inspection of the car door and the platform.

■■ The first instruction of which appellant complains, and to which we referred above, informed the jury that respondent's complaint alleged that some of appellant's employees spilled, while transporting same across a certain platform, meal from containers onto the platform, which meal became wet and thereby rendered the platform slippery; that respondent, in closing the door of the freight car in which he had been stowing cargo, by reason of the defective condition of the door and the slippery platform, was injured; and that respondent alleged that the appellant was negligent "in the following respects:" The instruction then quoted the four items of negligence charged in appellant's complaint prior to its amendment.

In other words, the court failed to instruct the jury that the words "as specifically set forth herein" had been added to the charge of failure to furnish a reasonably safe place to work, which limited the issues to three specific things: (1) Defective car door, (2) foreign substances on the platform creating a dangerous condition, and (3) failure to make proper and reasonable inspection of the door and platform. That is, the jury were instructed as to a general allegation of negligence which the parties had expressly excluded;

an allegation which was no longer a part of the complaint.

The first instruction was prejudicially erroneous. Respondent was entitled to recovery only upon specific allegations of negligence pleaded and not upon the general allegation.

"If an allegation of negligence is general, the opposite party may properly move the court to require the pleader to make the same definite and certain, so that he may know, with reasonable accuracy, what he is called upon to meet. If the facts constituting negligence are specifically alleged, the pleader, in presenting his evidence, should be limited to proof of such facts, otherwise there would be a variance to the prejudice of the opposite party." *Albin v. Seattle Electric Co.*, 40 Wash. 51, 57, 82 Pac. 145.

See, also, *Ennis v. Banks*, 88 Wash. 237, 152 Pac. 1037.

The patent error of permitting a recovery upon a general ground of negligence as a separate and independent ground when that allegation had been expressly restricted by stipulation and by order of the court to the three specific grounds thereafter pleaded, entitled the appellant to a new trial.

■ By the second instruction of which appellant complains, the jury was charged that, if the facts presented in evidence raised reasonable inferences which satisfied the jury that the appellant was negligent in one or more respects charged in plaintiff's complaint, and if the jury found that such negligence, if any, was the proximate cause of the injury sustained by respondent, the jury should find in favor of the respondent.

Under that instruction, recovery was permitted upon any one of the charges of negligence. The amendment of the general allegation of failure to furnish a reasonably safe place to work restricted by the words "as

specifically set forth herein" made the specific grounds of defective car door, a slippery platform, and failure to inspect, dependent each upon the other. If the car door was not defective and the platform not slippery, there could be no recovery for failure to inspect the door and platform. If the platform was slippery and the door was not defective, or if the door was defective and the platform was not slippery, respondent would not be entitled under his pleadings to recovery. Under respondent's amended pleading, a condition precedent to recovery was the existence of the three specific acts of negligence or, in any event, upon the joint happening of a slippery platform and defective door.

The instruction was prejudicially erroneous in making liability depend upon the existence of any one of these charges regardless of the others. To place in bolder relief the manifest error, let us assume that the door was not defective, that the platform was not slippery, and that the only negligence of the appellant consisted in failure to make a proper inspection of the car door and platform. Patently, there would be no actionable negligence.

It is true that we have consistently held that instructions must be considered as a whole. So considered in the case at bar, we do not find in the record other instructions which are corrective of the foregoing instruction.

Our consideration of the questions presented on this appeal is limited to the assignments of error we have discussed. The judgment is reversed and the cause remanded, with direction to the trial court to grant a new trial.

BEALS, STEINERT, and SIMPSON, JJ., concur.

ROBINSON, C. J., concurs in the result.

Main, J. (dissenting)—The first question discussed in the opinion relates to instruction No. 1, which was a preliminary instruction and did nothing more than state the issues made by the pleadings of the respective parties. That instruction did not submit any issue to the jury. The instructions which followed this made it very plain to the jury that they were to decide the issues presented upon the evidence which had been admitted. I do not see how the appellant could have been harmed by the failure to embody in the instruction the clause "as specifically set forth herein."

I am also not in accord with what is said in the opinion with reference to the specific grounds of negligence being "dependent each upon the other." As I view the matter, if the jury found that the appellant was negligent with reference to the platform and that that negligence was the proximate cause of the accident, this would have been sufficient to sustain the verdict, and the same would be true as to the defect in the car door.

For the reasons indicated, I dissent.

Blake, Jeffers, and Driver, JJ., concur with Main, J.