[No. 335-3.    Division Three.    January 21, 1972.]

THE STATE OF WASHINGTON, *Respondent*, v. RONALD B. PORTREY, *Appellant*.

*Richard L. Cease* and *Sid Wurzburg*, for appellant.

*Donald C. Brockett, Prosecuting Attorney*, and *James B. Crum, Deputy*, for respondent.

MUNSON, C.J.—Defendant appeals his conviction on a charge of possession of LSD.

On April 1, 1970 Spokane narcotic investigators obtained a warrant to search defendant's residence for dangerous drugs and narcotics. The search uncovered: four blue tablets, allegedly LSD; two tablets, allegedly amphetamines; a cigarette package, a bamboo pipe, a brass water pipe, a carton of bags, and a plastic bag, all containing marijuana residue. As a result of the search, defendant was charged with possession of LSD.

During trial the state called Mr. Glade Wilson, a chemist for the City of Spokane, who testified regarding a field test he conducted on the four blue tablets. Based on this one test, and over defendant's objection, he testified that in his opinion the tablets contained LSD. As part of its case in chief the state also introduced, over the objection of counsel, the fact that the amphetamines and marijuana were found at defendant's residence.

Defendant testified: Two other couples had resided with him at the location searched; they had been using narcotics

and he asked them to leave; after they moved he attempted to dispose of all drug-related items they had brought into the residence; and the items seized were remnants of his failure to adequately dispose of all items.

Defendant contends the test conducted by the chemist on the four blue tablets was insufficient to serve as a basis for an opinion the tablets contained LSD. The chemist testified he performed a color-change test[1] for the presence of an indole structure, and that based solely upon a positive reaction to that test formed an opinion as to their content. On voir dire defendant elicited from the chemist the fact other substances also contain indole structures and those substances would have a positive reaction when the test was performed upon them. On the basis of the voir dire, defendant objected to the chemist stating his opinion. His objection was overruled and the opinion the tablets contained LSD was admitted.

■■ Opinion evidence is not admissible upon matters in which the state of scientific knowledge indicates no reasonable opinion could be asserted. 5 R. Meisenholder, Wash. Prac. § 352 (1965); 2 Jones on Evidence § 457 (5th ed. 1958); cf. *Eddy v. Spelger & Hurlbut,* 117 Wash. 632, 201 P. 898 (1921). As observed by Look in *Field Screening Test for Lysergic Acid Diethylamide,* 56 Journal of Pharmaceutical Science 1526 (1967):

> Since positive tests are obtained for *any compound* containing an indole ring with an open alpha or beta position, any positive results *should* be tested for possible confirmation in the laboratory by thin-layer or paper chromatography or by ultraviolet and infrared spectrophotometry.

(Footnotes omitted. Italics ours.) While these confirmation tests may not have been available within Spokane County, the state concedes they were available within the state or through the use of federal resources.

A positive result for the test given in this case was indicative only of the presence of a substance containing an

---

[1] A modification of the Van Urk test.

indole structure, one of which substances could have been LSD. No other testimony was offered explaining the basis for the chemist's opinion the substance tested was LSD, as distinguished from any other chemical substance having an indole structure for which a positive color change would also be obtained.

Although the test performed in the instant case was similar to that performed in *State v. Hink*, 6 Wn. App. 374, 492 P.2d 1053 (1971), *Hink* is distinguishable because of the additional testimony elicited from the chemist relating to his knowledge and experience, not only of chemistry but of drugs, the noncommercial form and shape of the substances tested, the importance of time as related to color reaction involved in the testing, and more extensive testimony regarding the testing procedure itself. In the instant case there is merely testimony concerning the fact of giving a test together with a color change indicative of the presence of indole structure and that such structure is also present in other compounds. This testimony standing alone is inadequate to form the basis for accepting a scientific opinion as to the presence of LSD. This is not to say a definitive test is required, but rather the test performed in this case was insufficient to support one expert's opinion. Therefore, its admission was prejudicial error.[2]

While the above is dispositive of this appeal, defendant raises other allegations of error which warrant comment in the event of retrial.

■ The state offered extensive evidence relative to defendant's possession of amphetamines and marijuana, which evidence is sought to be upheld under the exception to the rule prohibiting evidence of unrelated crimes. In this case that position is not well taken. The state offered nine

---

[2]*Cook v. United States*, 362 F.2d 548 (9th Cir. 1966) and *People v. Sanford*, 24 Ill. 2d 365, 181 N.E.2d 118 (1962), relied upon by defendant, are distinguishable in that no experts testified in those cases, while in the instant case we conclude the test conducted by the expert was insufficient.

exhibits, six of which related to marijuana or amphetamines. Only a portion of one contained the alleged LSD tablets. Approximately 40 per cent of the state's case in chief was related to testimony concerning marijuana and amphetamines. This quantity of testimony, introduced during the state's case in chief, is an example of the type of evidence deplored in *State v. Goebel*, 36 Wn.2d 367, 379, 218 P.2d 300 (1950) wherein the Supreme Court said:

> its effect would be to generate heat instead of diffusing light, or, as is said in one of the law review articles above referred to, where the minute peg of relevancy will be entirely obscured by the dirty linen hung upon it.

*Hink* is distinguishable in that the marijuana there offered was, by comparison, a minute part of the relevant evidence; all the other evidence related to other issues within the charged offense. It is the overemphasis, as evidenced by the number of exhibits and testimony within the record, clinging precariously to the "peg of relevancy" which is condemned. The state should charge the possession of the other substances as crimes if they seek to elicit this testimony on retrial, unless such testimony would constitute proper rebuttal testimony.

■ Defendant challenges the adequacy of the affidavit in support of the search warrant. We find that such affidavit was sufficiently comprehensive to provide the issuing magistrate with the factual basis from which he could independently conclude there was probable cause to believe the items sought were at the location to be searched. *United States v. Harris*, 403 U.S. 573, 29 L. Ed. 2d 723, 91 S. Ct. 2075 (1971).

■ Defendant challenges the constitutionality of the rule that a defendant waives his right to assign error to the trial court's denial of a motion to dismiss at the close of the state's case when he subsequently presents evidence in his own behalf. While this contention is not facetiously made, we adopt the language of *Benchwick v. United States*, 297 F.2d 330, 335 (9th Cir. 1961):

This may sometimes present the defendant with a hard choice, but that is true in many situations which may confront litigants in the course of almost every trial, and provides no basis for exempting the defendant from the provisions of the rule [Rule 23(c), Federal Rules of Criminal Procedure, 18 U.S.C.A.].

If defendant believes his motion is well taken, he should stand upon it. *State v. Smith,* 74 Wn.2d 744, 768, 446 P.2d 571 (1968); *cf. McGautha v. California,* 402 U.S. 183, 28 L. Ed. 2d 711, 731, 91 S. Ct. 1454, 1471 (1971).

We find no merit in defendant's contention that the chemist be required to prove the quality of the testing material used in the field test. *State v. Hink, supra.*

Judgment is reversed and the case is remanded.

GREEN and EVANS, JJ., concur.

Petition for rehearing denied February 23, 1972.

Review denied by Supreme Court April 24, 1972.