[Nos. 4064-0-III; 4075-5-III.  Division Three.  December 30, 1981.]

THE STATE OF WASHINGTON, *Respondent,* v. RYAN KEATING, *Appellant.*

THE STATE OF WASHINGTON, *Respondent,* v. SUSAN KEATING, *Appellant.*

*Anthony Savage, Deborah Youngblood,* and *Kempton, Savage & Gossard,* for appellant Ryan Keating.

*Michael E. Cooper* and *Frederick, Beckley & Cooper,* for appellant Susan Keating.

*Joseph Panattoni, Prosecuting Attorney,* for respondent.

FARIS, J.*—Ryan and Susan Keating appeal their convictions for possession of a legend drug with intent to deliver.[1]

On March 6 and 7, 1980, detectives of the Kittitas County Sheriff's Department used an informant to arrange and make drug purchases at the Keating residence. The informant said Ryan Keating arranged the March 6 sale by telephone but was not present for either purchase, while Susan Keating arranged the March 7 sale and made both sales. After the second sale, both defendants were arrested

---

*Judge Philip H. Faris is serving as a judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.

[1]Ryan and Susan Keating were separated at the time of the events, arrests, and trial; they also filed separate appeals. However, because the issues they raise are identical, the causes have been consolidated. RAP 3.3(a).

and charged with possession and delivery of a legend drug.[2]

A Washington State Crime Laboratory technician testified he found ephedrine in the tablets, but he did not state that the tablets were prescription drugs and thereby a controlled substance.

At the close of the State's evidence, defendants moved to dismiss, contending that since the proof only established

[2]RCW 69.41.030 provides:

"It shall be unlawful for any person to . . . possess any legend drug except upon the . . . prescription of a physician . . ."

RCW 69.41.010(8) provides:

"'Legend drugs' means any drugs which are required by state law or regulation of the state board of pharmacy to be dispensed on prescription only . . ."

The state board of pharmacy by regulation (WAC 360–32–055) has provided:

"(1) No person shall . . . distribute ephedrine, . . . except . . .

"(2) . . .

"(a) Upon a written prescription . . ."

Section (3) of the regulation, however, lists 27 products which:

"are exempted from the provisions of this regulation:

"1. AMORDRINE tablet . . .

"2. BRONITIN tablet . . .

"3. BRONKAID tablet . . .

"4. BRONKOTABS tablet . . .

"5. CALCIDRINE SYRUP . . .

"6. CHLOR–TRIMENTON [sic] DECONGESTANT . . .

"7. CODIMAL tablet . . .

"8. CO–TYLENOL COLD FORMULA for CHILDREN . . .

"9. D–FEDA . . .

"10. DIMOCOL LIQUID and CAPSULES . . .

"11. FEDAHIST tablet . . .

"12. FEDAHIST EXPECTORANT . . .

"13. FEDRAZIL tablet . . .

"14. HISTADYL EC . . .

"15. HISTIVITE–D . . .

"16. NALDEGESIC tablet . . .

"17. NOVAFED syrup . . .

"18. NOVAFED A . . .

"19. NOVAHISTINE DMX . . .

"20. NYQUIL . . .

"21. PRIMATINE M tablet . . .

"22. QUELIDRINE . . .

"23. QUIET–NITE . . .

"24. ROBITUSSION–PE [sic] . . .

"25. SINACET tablet . . .

"26. SUDAFED tablet . . .

"27. VERAQUAD tablet . . ."

the tablets in question contained ephedrine and did not eliminate the possibility the tablets were among the exempt products, the State had failed to meet its burden of establishing a prima facie case. The trial court, however, ruled the State had carried its burden by proving the tablets contained ephedrine because proof of ephedrine is proof of a legend drug, and the burden of showing lawful possession rested upon the defendants. The trial court gave the State's proposed instruction which provided: "Ephedrine is a legend drug" and refused the defendants' proposed instruction which listed the 27 exempted products.

■ When there is a challenge to the sufficiency of the evidence in a criminal case, the test to be applied is:

> whether, after viewing the evidence in the light most favorable to the prosecution, *any rational trier of fact* could have found the essential elements of the crime *beyond a reasonable doubt.*

*State v. Green,* 94 Wn.2d 216, 221, 616 P.2d 628 (1980), adopting *Jackson v. Virginia,* 443 U.S. 307, 319, 61 L. Ed. 2d 560, 99 S. Ct. 2781 (1979).

The dispositive question before this court is: what is the State's burden of proof when it charges possession of a substance which is available in either prescriptive or non-prescriptive form?

The State argues that RCW 69.41.030 makes it unlawful to possess the substance ephedrine except by prescription. Therefore, it carried its burden by proving the presence of ephedrine. It argues the defendant is then required to show a lawful possession, such as purchase in prescriptive form. In support, the State cites *State v. Wilson,* 20 Wn. App. 592, 581 P.2d 592 (1978), which held that once the State established possession of a controlled substance (heroin), a presumption of unlawful possession arose which the defendant could rebut by establishing lawful, unwitting, or excusable possession as an affirmative defense. *Patterson v. New York,* 432 U.S. 197, 53 L. Ed. 2d 281, 97 S. Ct. 2319 (1977). The trial court erred in accepting this analysis.

■ Ephedrine, unlike heroin, can be lawfully possessed

without a prescription in 27 over–the–counter products, making *State v. Wilson, supra,* inapposite here. We hold that the numerous nonprescriptive forms of ephedrine do not permit a presumption of unlawful possession; *i.e.,* the presence of ephedrine does not establish unlawful possession beyond a reasonable doubt. *Patterson v. New York, supra; Leary v. United States,* 395 U.S. 6, 36, 23 L. Ed. 2d 57, 89 S. Ct. 1532 (1969). Here, in failing to prove the tablets were controlled by prescription, the State has failed to prove the critical element of the crime charged.[3] RCW 69.41.030; *In re Winship,* 397 U.S. 358, 25 L. Ed. 2d 368, 90 S. Ct. 1068 (1970); *State v. Alcantara,* 87 Wn.2d 393, 552 P.2d 1049 (1976).

██ In our view, the exemptions are so numerous they necessarily constitute a material part of the description of the offense. It would be arbitrary, indeed irrational, to insist that prima facie evidence of guilt had been established by proof that the tablets contained ephedrine, when so many tablets are readily available without prescription which also contain ephedrine. A review of WAC 360–32 suggests ephedrine is the only drug available in both prescriptive and nonprescriptive form. The mere presence of ephedrine in a tablet does *not* automatically classify it as a legend drug. The State must also prove the tablet is not one of the permitted 27 exempted products. As the court said in *Mackall v. State,* 283 Md. 100, 387 A.2d 762 (1978) at page 110:

> when a penal act contains an exception so incorporated with the substance of the clause defining the offense as to constitute a material part of the description of the . . . offense, the burden is on the State to prove beyond a reasonable doubt, that the offense charged is not within the exception.

---

[3]*State v. Portrey,* 6 Wn. App. 380, 492 P.2d 1050 (1972), confronted a similar burden of proof problem. There, as here, the State's expert proved only that the substance involved had a particular structure which made it like a controlled substance. We reversed and remanded because of insufficient proof to show the particular structure was positively LSD.

834

In view of our holding, we do not reach the other issues raised by the defendants, except to note that for the foregoing reasons the court also erred in instructing the jury that "Ephedrine is a Legend Drug."

Reversed; charges dismissed.

McINTURFF, C.J., and GREEN, J., concur.