[No. 7298–3–III.   Division Three.   September 30, 1986.]

THE STATE OF WASHINGTON, *Respondent*, v. PATRICIA JEAN CHAIN, *Appellant.*

*Richard L. Cease, Public Defender,* and *Carl E. Hueber, Deputy,* for appellant.

*Donald C. Brockett, Prosecuting Attorney,* and *David J. Carlson, Deputy,* for respondent.

THOMPSON, J.—Patricia Jean Chain appeals her conviction for delivery of a legend drug. We affirm.

On February 18, 1985, two undercover Spokane County sheriff's deputies purchased seven tablets of "speed" for $1.75 from a dancer at the Rainbow Tavern in Spokane. A lab test indicated the tablets contained ephedrine and the dancer, identified as Ms. Chain, was arrested and charged with delivery of a legend drug. Prior to trial both parties stipulated to the admissibility of a lab report that stated in pertinent part: "Tablets of item 1 contain ephedrine, a legend drug." The two undercover deputies testified at trial and the lab report was admitted into evidence per the stipulation. The State rested without calling any witnesses from the crime lab. The defense rested without calling any witnesses and moved for a directed verdict, arguing that the State had failed to prove one of the requisite elements of the charge, *i.e.*, that the ephedrine was not one of the exempt legal forms of ephedrine. *See* WAC 360–32–055. The State moved to reopen.

Out of the presence of the jury, the trial court took additional testimony regarding the prescription and nonprescription forms of ephedrine; heard argument from counsel regarding the applicability of *State v. Keating*, 30 Wn. App. 829, 638 P.2d 624 (1981); and then ruled that the State could not reopen its case, but denied the defense motion. The trial court distinguished *Keating* from the instant case by noting differences in proof presented by the State.

The trial court ruled the prosecution had presented sufficient proof to establish all the elements of the crime charged, and refused the defendant's proposed instruction which listed the 12 exempted products. Additionally, the trial court gave the State's proposed instruction as instruction 10, which read: "Ephedrine, as contained in Plaintiff's Exhibit No. 4, is a legend drug".

The jury returned a verdict of guilty. Patricia Chain contends the State did not offer proof of all the elements of the crime and therefore the matter should not have been sub-

mitted to the jury and the trial court erred in instructions given and refused. We disagree.

Arguments of counsel and the court's decision all center on *Keating.* In that case, Ryan and Susan Keating were each convicted of possession of a legend drug with intent to deliver. During trial a "Washington State Crime Laboratory technician testified he found ephedrine in the [suspect] tablets, but he did not state that the tablets were prescription drugs and thereby a controlled substance." *Keating,* at 831. At that time, the WAC regulation exempted 27 products from the prescription requirement.[1] This court held "that the numerous nonprescriptive forms of ephedrine do not permit a presumption of unlawful possession" and "in failing to prove the tablets were controlled by prescription, the State has failed to prove the critical element of the crime charged". *Keating,* at 833.

The language in the stipulation in the instant case compels a different result. The parties stipulated that the ephedrine contained in the tablets sold to the undercover deputies was "a legend drug". A legend drug is defined in RCW 69.41.010(8): "'Legend drugs' means any drugs which are required by state law or regulation of the state board of pharmacy to be dispensed on prescription only or are restricted to use by practitioners only." Thus, by using the words "legend drug" in the stipulation, the parties removed the exempt forms of ephedrine listed in WAC 360–32–055 from consideration. If the subject tablets were exempt, they would not be a legend drug and would not require a prescription. The first paragraph of the WAC rule provides:

> (1) The board of pharmacy, pursuant to RCW 69.41-.075, hereby identifies ephedrine, or any of its salts in a solid or aqueous form normally intended for oral administration, in any quantity, as a *legend drug subject to the restrictions of RCW 69.41.030.*

(Italics ours.) RCW 69.41.030 then prohibits the sale, deliv-

---

[1]Although the number of exemptions are now 12, and many of these are in syrup form, this does not affect our disposition of this case.

ery, or possession of any legend drug by unlicensed persons. The testimony in *Keating* did not establish whether the ephedrine was either a legend or nonlegend drug, whereas in this case the stipulation did establish the ephedrine was the legend drug variety, and therefore subject to the prohibitions contained in RCW 69.41.030. Consequently, the jury instructions given and refused were also proper rulings.

The Superior Court is affirmed.

GREEN, C.J., and McINTURFF, J., concur.

Review denied by Supreme Court January 6, 1987.