[No. 36437    Department Two.    September 26, 1963.]

CHRISTIAN FREY et al., *Respondents and Cross-appellants*,
v. KENT CITY NURSING HOME, INC., *Appellant*, PETER
M. GORMAN et al., *Defendants*.*

*Olwell, Boyle & Hattrup* and *Thomas E. Agee*, for appellant.

*Clinton, Moats, Andersen & Fleck* (*Donald K. Fleck*, of counsel), for respondents and cross-appellants.

WEAVER, J.—Two basic questions of law are presented by the assignments of error on this appeal and cross-appeal.

*First*, are plaintiffs entitled to maintain an action .and recover for the value of architectural services rendered to defendants? *Second*, if so, are plaintiffs entitled to enforce by foreclosure a recorded lien against defendants' real property?

*Reported in 385 P. (2d) 323.

The trial court answered the first question in the affirmative, the second in the negative.

Plaintiff Strickland was a professional engineer licensed by the state. Plaintiff Frey, although he had been an architect in Holland and was employed by an architectural firm in Seattle, was *not* licensed to practice architecture by the State of Washington. There is no claim that either plaintiff represented himself to be a licensed architect; in fact, defendant was informed that plaintiff Frey was *not* a licensed architect prior to her first meeting with him.

We refer to Viola W. Gorman as though she were the sole defendant; that she acted for all defendants[1] in the transaction involved in the instant case is not an issue on appeal.

We state only ultimate facts found by the trial court necessary to discuss the questions of law presented. Some are based on conflicting evidence, but we find them supported by the record.

In October, 1959, plaintiff Strickland discussed with defendant her need of professional help in planning and designing an addition to the Kent City Nursing Home.

October 24, 1959, both plaintiffs met with defendant and entered into an oral contract whereby plaintiffs were to perform architectural and engineering services pertaining to the proposed addition to the nursing home. Plaintiffs were to be paid 6 per centum of the total cost of construction.

Immediately, plaintiffs commenced to perform their contractual architectural and engineering services, which included: numerous conferences, preliminary studies, preparation of preliminary plans and ward plans, preliminary and final working drawings, including architectural, structural engineering, mechanical engineering and electrical engineering drawings, construction of a scale model of the proposed addition to the nursing home, submission of blueprints to the State Health Department, and the county.

---

[1]Judgment was entered only against Kent City Nursing Home, Inc., a corporation.

engineers, corrections and revisions as required by the State Health Department, together with a 139-page book of specifications.

May 23, 1960, defendant became dissatisfied; she notified plaintiffs that their services were terminated.

July 15, 1960, plaintiffs recorded a lien for  ". . . professional engineering services including consultation, investigation, evaluation, planning and design. . . ."  In its conclusions of law, the trial court stated that plaintiffs' services ". . . were primarily architectural rather than engineering . . ."  and denied foreclosure of the lien.

The two basic questions of law presented arise from defendant's appeal from a judgment of $3,500 in favor of plaintiffs;[2] and from plaintiffs' cross-appeal from the judgment denying foreclosure of their recorded lien.

## I

Defendant contends that plaintiffs are not entitled to maintain an action to recover the value of their architectural services because the agreement was illegal and unenforceable under Laws of 1959, chapter 323, RCW 18.08; neither plaintiff was a licensed architect under the statute.

This is the first time the court has been called upon to construe the present statute. We turn, therefore, to the applicable statutes existing prior to 1959 and the court's interpretation of them.

In *Sherwood v. Wise*, 132 Wash. 295, 232 Pac. 309, 42 A.L.R. 1219 (1925), the court said:

"This act [Laws of 1919, ch. 205; Rem. Comp. Stat. § 8270 *et seq.*; Rem. Rev. Stat. § 8270 *et seq.*] does not in express terms make the mere rendering of architectural service by one not holding a license certificate unlawful, nor does it in express terms make a contract for such services by one not holding a license certificate unlawful and unenforcible; but *the language of the act manifestly expresses the legislative intent that it shall be unlawful for one not holding a*

---

[2] Judgment in favor of plaintiffs is dispositive of defendant's cross complaint for money paid plaintiffs.

*license certificate to assume the professional title of architect and as such enter into a contract to render architectural services. . . . "* (Italics ours.)

In *Sherwood, supra*, and in *Meyer v. Simpson*, 34 Wn. (2d) 486, 209 P. (2d) 294 (1949), the contract for architectural services was held to be "illegal, void, and wholly unenforcible" because the claimant had *represented* himself to be an architect when in fact he was not a licensed architect under the laws of this state.

The factual pattern of the instant case is different. Plaintiffs did not represent themselves to be licensed architects; defendant knew that plaintiff Strickland was a licensed engineer and that plaintiff Frey was not a licensed architect at the time the parties entered into their contract.

We turn now to the present statutes—Laws of 1959, chapter 323; RCW 18.08.

Defendant places emphasis on that portion of RCW 18.08-.100 which provides:

" . . . It shall be unlawful for any person to practice architecture unless registered as provided in this chapter."

Plaintiffs, on the other hand, urge that RCW 18.08.100 must be interpreted in the light of Laws of 1959, chapter 323, §§ 8 and 16.

Section 8 of the act (RCW 18.08.170) provides in part:
" . . .

"Nothing in this act shall be construed to prohibit any person, firm or corporation from lawfully carrying on in this state as part of his or its principal occupation work falling within the definitions contained in this act of the terms 'architecture' or 'practice of architecture' *from continuing such occupation so long as he or it shall not hold himself or itself out to the public as, or represent himself or itself to be, an architect.* This section shall be deemed to specifically exclude home designers and contractors not representing themselves to be architects. This specific exclusion shall not affect the rights of others excluded by the general language of this section." (Italics ours.)

Section 16 of the act (RCW 18.08.250) provides:

"Nothing contained in this chapter shall be deemed to prevent or affect in any way the practice of engineering or

land surveying as defined in chapter 18.43 RCW *except that no person shall use the designation 'architect,' 'architectural' or 'architecture' unless licensed under the provisions of this chapter*; nor to prevent the preparations of working drawings, details and shop drawings by persons other than architects for use in connection with the execution of their work or in connection with proposals to be submitted for securing work or contracts; nor to prevent employees of architects from acting under the instruction, control or supervision of their employers; nor to apply to the supervision by builders or superintendents employed by such builders of the construction or structural alteration of buildings or structures: *Provided, however, That nothing herein contained shall be construed to permit any person not licensed as provided in this chapter to use the title 'architect,' or any title, sign, card or device to indicate that such a person is an architect.* This chapter shall not apply to landscape architects or naval architects who do not engage in or profess to engage in the practice of architecture." (Italics ours.)

■ The act (Laws of 1959, chapter 323) must be read in its entirety. It does not prohibit all unlicensed persons from performing architectural services. Many classes of people are permitted to perform such services without regard to their ability to comply with the licensing requirements stated in RCW 18.08.140. The only restriction is that they cannot hold themselves out to the public as architects.

The language of the act, we believe, expresses the legislative intent that it is not the *performance of work* falling within the ambit of the statutory definition of the practice of architecture that is prohibited, but the *misrepresentation* to the public that the individual is an architect authorized and licensed by law to practice architecture.

We conclude, as did the trial court, that plaintiffs are entitled to maintain this action for the value of architectural services rendered to defendants under the facts of the instant case.

The record sustains the amount of the judgment awarded plaintiffs.

## II

■ It is the policy of this court that an assignment of error not argued in the brief (*Wickre v. Allen*, 58 Wn. (2d) 770, 778, 364 P. (2d) 911 (1961)), or supported by cited authority will not be considered unless it appears on its face that the assignment is well taken. *Wright v. Kennewick, ante* pp. 163, 167, 381 P. (2d) 620 (1963); *Seattle v. Love*, 61 Wn. (2d) 113, 377 P. (2d) 255 (1963); *Verstraelen v. Kellog*, 60 Wn. (2d) 115, 121, 372 P. (2d) 543 (1962).

In *DeHeer v. Seattle Post-Intelligencer*, 60 Wn. (2d) 122, 126, 372 P. (2d) 193 (1962), the court said:

". . . Where no authorities are cited in support of a proposition, the court is not required to search out authorities, but may assume that counsel, after diligent search, has found none. . . ."

In support of their cross-appeal, plaintiffs take slightly over a page and a half to state the facts and quote RCW 60.48.010, entitled "Engineering Liens" (Laws of 1931, chapter 107). Two thirds of a page is used to paraphrase the statute. No authorities are cited or discussed supporting the contention that an architect is entitled to a lien. Oral argument in this court did not remove this deficiency. We do not deem the record sufficient to reach the question posed by the cross-appeal; hence we express no opinion upon it.

The judgment is affirmed.

OTT, C. J., DONWORTH, FINLEY, and HAMILTON, JJ., concur.