[No. 39463.    Department One.    April 4, 1968.]

THE STATE OF WASHINGTON, *Respondent,* v. LILLIAN GREGORY, *Defendant,* RICHARD GREGORY, *Appellant.**

*Reported in 439 P.2d 400.

538

*Jack E. Tanner,* for appellant.

*Harold R. Koch* and *F. Parks Weaver, Jr.,* for respondent.

LANGENBACH, J.†—The appellant was charged with and convicted of three counts of unlawful use of a set net for fishing for steelhead in violation of RCW 77.16.060.[1] The specific dates were February 6 and 14, and March 1, 1966. The offenses were alleged to have been committed on the Thurston County side of the Nisqually River.

The evidence tended to show that the appellant, on the first two occasions, went in a dugout canoe with two Indians into the Nisqually River from the Thurston County shore to a set net in the river. He assisted the Indians in raising the net and taking two steelhead game fish from the meshes of the net. The fish were brought ashore where the appellant held them up so as to be photographed with them.

On the third occasion the evidence disclosed that appellant with the Indians again went out into the river with a

---

†Judge Langenbach is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

[1]RCW 77.16.060 provides in part as follows: "It shall be unlawful for any person to lay, set, use, or prepare any . . . nets . . . snare or net . . . in any of the waters of this state with intent thereby to catch, take or kill any game fish. It shall be unlawful to lay, set or use a net capable of taking game fish in any waters of this state except as permitted by regulation of the department of fisheries: *Provided,* That persons may use small landing nets or under written permit issued by the director may use nets or seines in the taking of nongame fish.

"Any person violating any of the provisions of this section is guilty of a gross misdemeanor . . . ."

set net in a dugout canoe for the purpose of setting the net to catch other steelhead game fish.

There was direct testimony from several game protectors who were present along the river bank and who had observed the activities of the individuals in the canoe upon the river on these occasions. (The record also showed that appellant's wife was charged with similar, but separate, offenses and was convicted at the same trial.) Both the appellant and his wife testified concerning their individual activities in connection with these offenses.

The jury found appellant guilty on all three counts. After judgment and sentence was entered, he appealed.

He has assigned three errors: (1) that the trial court erred in not granting his motion in arrest of judgment on the ground that the verdict was not supported by the evidence; (2) that the verdict was contrary to the law and evidence; and (3) the court erred in giving instruction No. 8.

Appellant endeavored to connect his series of activities with the "Indian fishing cases" of 1966, wherein various Indian tribes had attempted to assert fishing rights against the state of Washington based upon Indian treaties with the federal government. Yet, he is not an Indian and the testimony showed that he had not been adopted into the Nisqually tribe in any manner.

He admitted in his brief: "Although appellant by his own testimony and the testimony of the State's witnesses at the time of trial on two of the counts did handle a net and hold up the fish for photographers, appellant never really had the criminal intent necessary for conviction under the statutes involved."

■ A motion in arrest of judgment raises the question of the sufficiency of the evidence to take the case to the jury. In *State v. Reynolds,* 51 Wn.2d 830, 833, 322 P.2d 356 (1958), the court stated:

In *State v. Lutes,* 38 Wn. (2d) 475, 481, 230 P. (2d) 786 (1951), we reaffirmed the rule announced in *State v. McDaniels,* 30 Wn. (2d) 76, 190 P. (2d) 705 (1948), as follows:

" 'A challenge to the sufficiency of the evidence or a motion having that effect admits the truth of the evidence of the party against whom the challenge or motion is made and all inferences that reasonably can be drawn from such evidence, and requires that the evidence be interpreted most strongly against the challenger or movant party and in the light most favorable to the opposing party. *Kellerher v. Porter,* 29 Wn. (2d) 650, 189 P. (2d) 223, and cases therein cited.' "

■ Appellant fails to discuss in what manner the verdict is contrary to the evidence and the law. He cites no authority. Without some discussion of the assignment of error or a showing that it is well taken on its face, this court will not consider it. As was stated in *State v. Rutherford,* 66 Wn.2d 851, 857, 405 P.2d 719 (1965):

The Supreme Court will not consider an assignment of error not supported by citation of authority unless it appears on its face that the assignment is well taken. *Harvey v. Cleman,* 65 Wn.2d 853, 400 P.2d 87; *Frey v. Kent City Nursing Home, Inc.,* 62 Wn.2d 953, 385 P.2d 323. The assignment made here does not have this attribute.

■ Finally, appellant asserts error to the court's instruction No. 8.[2] He does not set forth this instruction as required by ROA 43. This rule in effect stated that no error assigned to the sufficiency of any instruction will be considered unless such instruction shall be set forth in the brief in full. (The instruction is subjoined in a footnote.)

It is a well established rule that failure to comply with ROA 43 will render an assignment inapplicable to the ex-

---

[2]"You are instructed that under the laws of the State of Washington every person concerned in the commission of a crime whether he directly commits the act constituting the offense or aids and abets in its commission, and whether present or absent, is a principal and shall be proceeded against and punished as such. The fact that a person aided, abetted, counseled, encouraged, hired, commanded, induced or procured, could not or did not entertain a criminal intent, shall not be a defense to any person aiding, abetting, counseling, encouraging, hiring, commanding, inducing or procuring him.

"To aid or abet, a person must commit an overt act, the doing or saying of something that either directly or indirectly contributes to the criminal act; some form of demonstration that expresses affirmative action, and not merely approval or acquiescence."

tent that it will not be considered by the Supreme Court. *State v. Badda,* 68 Wn.2d 50, 411 P.2d 411 (1966), and cases cited therein.

■ The admissions of the appellant and the testimony of the observant officers provided a sufficient basis for this instruction and the jury's verdict in the case. "Where there is substantial evidence to prove a crime and the defendant's commission of it, the jury is the sole and exclusive judge of the evidence and its verdict is conclusive as to the facts." *State v. Jackson,* 72 Wn.2d 50, 62, 431 P.2d 615 (1967).

In the light of all the facts and circumstances in this case, the jury could have reached but one verdict, that of guilty as charged on all three counts. The judgment and sentence is affirmed.

FINLEY, C. J., ROSELLINI, HUNTER, and McGOVERN, JJ., concur.