[No. 352-1. Division One—Panel 1. April 19, 1971.]

DORIS BLODGETT, *as Administratrix, Respondent,* v. GREAT NORTHERN RAILWAY CO., INC., *Appellant.*

---

R. *Paul Tjossem* and *Lawrence D. Silvernale,* for appellant.

*Ziontz, Pirtle & Fulle, Alvin J. Ziontz,* and *Mark B. Packer,* for respondent.

WILLIAMS, J.—The plaintiff, Doris Blodgett, brought this action on behalf of herself and six minor children to recover damages for wrongful death pursuant to RCW 4.20.010. The defendant, Great Northern Railway Co., Inc., appeals from the judgment of $142,500 entered against it upon the verdict of a jury.

Respondent is the widow of Richard A. Blodgett, who was killed while riding as a passenger in a car which was struck by appellant's passenger train at a rural railroad crossing in Skagit County. Appellant's assignments of error concern questions of damages, juror misconduct, evidence, liability, and instructions.

The measure of damages for wrongful death is the pecuniary loss sustained by the statutory beneficiaries, in this case the widow and six minor children. *Kramer v. Portland-Seattle Auto Freight, Inc.,* 43 Wn.2d 386, 261 P.2d 692 (1953). Appellant contends the damage award was unmistakably the result of passion or prejudice caused in the main by the admission in evidence of respondent's testimony of the details of her physical disability. She testified that the decedent undertook many of the household chores

and much of the care of the children when she became partially incapacitated. The loss of this service is compensable. *Pearson v. Picht,* 184 Wash. 607, 52 P.2d 314 (1935). Without the testimony, the jury would have been unable to fully understand the additional duties which had been placed upon the husband and which he had discharged until the time of his death. It was admissible for that purpose.

Furthermore, the trial court gave a comprehensive limiting instruction to the jury at the end of respondent's testimony and also in the final instructions. Although appellant expresses an opinion to the contrary, it does not appear from the record that the details of respondent's condition were overemphasized or that there was an attempt to generate sympathy. Her testimony, factual in character, was the only evidence offered on the subject.

■ There is substantial evidence to sustain the amount of the verdict, and we will not interfere with the award of the jury. *Myers v. Harter,* 76 Wn.2d 772, 459 P.2d 25 (1969); *Beaulier v. Mahoney,* 155 Wash. 141, 283 P. 707 (1930).

■ Appellant's contention that the trial court erred in refusing to conduct separate trials on the issues of liability and damages is not supported by citation of authority, and we assume there is none. *Frey v. Kent City Nursing Home, Inc.,* 62 Wn.2d 953, 385 P.2d 323 (1963); *DeHeer v. Seattle Post-Intelligencer,* 60 Wn.2d 122, 372 P.2d 193 (1962). No abuse of discretion by the court in the management of the trial is shown.

■ The assignment of error concerning juror misconduct cannot be considered because the supporting affidavits, if any, are not included in the statements of facts as required by CAROA 35.

■ Also, the assignment of error directed to the admission of testimony of two of appellant's employees may not be reviewed because no objection thereto was made to the trial court. *State v. James,* 63 Wn.2d 71, 385 P.2d 558 (1963).

Appellant next contends that the court should have directed a verdict in its favor because the sole proximate cause of the accident was the negligence of the motor vehicle driver. There was substantial evidence that the appellant, also, was negligent. *Benton v. Farwest Cab Co.,* 63 Wn.2d 859, 389 P.2d 418 (1964).

In this connection, appellant assigns error to the refusal of the trial court to give certain of its proposed instructions. The first is the denial of proposed instruction No. 3 on signs and signals at railroad crossings. The court's instruction No. 7[1] properly advised the jury as to these. *Bradshaw v. Seattle,* 43 Wn.2d 766, 264 P.2d 265, 42 A.L.R.2d 800 (1953).

Proposed instruction No. 6 would have informed the jury of appellant's legal obligation to provide freight and passenger service. The instruction was offered to permit appellant to argue that the speed at which the train was traveling at the time of the accident was justified. The jury was properly instructed on speed.[2]

---

[1]"Instruction No. 7. There is no duty on the part of the railway company to place warnings or lights at a grade crossing, or to take other extra precautions, unless the crossing is extra-hazardous. All railroad grade crossings may be accurately described as dangerous, but some are exceptionally so due to unusual circumstances. Each case involving a railroad crossing must therefore be considered in light of its own peculiar facts.

"A railroad crossing is extra-hazardous when it is so peculiarly dangerous that prudent persons cannot use the same with safety unless extraordinary measures are used.

"If you do not find from the evidence that a reasonable and prudent person would have to take extraordinary means for his safety upon approaching and using the railroad crossing in question, then the defendant railway company owed no duty to provide warnings to travelers on the highway other than those that were present at the time of this accident.

"On the other hand, if you find that this crossing was extra-hazardous, then the defendant railway company had a duty to exercise ordinary care to guard against the extraordinary danger; and if it failed to exercise ordinary care in this respect, it would be negligent."

[2]"Instruction No. 12. The law does not establish a speed limit for the operation of trains outside the limits of cities and towns, but the speed must be consistent with the exercise of ordinary care." (WPI 73.02)

Other assignments of error take issue with the court's refusal to give instructions proposed by appellant which deal with the duty of both driver and passenger at railroad crossings. The trial judge instructed that the driver of the death vehicle was negligent as a matter of law, thereby removing the issue of his negligence from the jury. The duty of the passenger under the circumstances was contained in other instructions given.

Finally, appellant assigns error to the refusal of the trial court to give two cautionary instructions. (WPI 1.01(1)-(5) and (8) and WPI 1.07.) There is no citation of authority supporting this assignment, and we assume there is none. *DeHeer v. Seattle Post-Intelligencer, supra.* While perhaps appropriate, the instructions were not essential to a clear, concise exposition of the law of the case.

The judgment is affirmed.

HOROWITZ, C.J., and UTTER, J., concur.