**Melba PIKE, as Executrix and Personal
Representative of the Estate of Donald
Roy ZeBarth, Deceased, Plaintiff-Appel-
lee,**

v.

**UNITED STATES of America,
Defendant-Appellant.**

No. 79–4178.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 11, 1980.

Decided July 30, 1981.

Cynthia J. Larsen (argued), for defend-
ant-appellant; Peter A. Nowinski, Seattle,
Wash., on brief.

Daniel F. Sullivan, Seattle, Wash., for plaintiff-appellee.

Before CHOY and SCHROEDER, Circuit Judges, and KEEP *, District Judge.

CHOY, Circuit Judge:

This is an appeal from a judgment against the government in a suit brought under the Federal Tort Claims Act. 28 U.S.C. §§ 2671–2680. The government does not appeal from the finding of liability, but does contend that the damages assessed were improper. We affirm in part and reverse in part.

In 1964, Donald ZeBarth was rendered a paraplegic due to improper medical care in a private hospital. ZeBarth was never able to work after his injury. Because he was in the Coast Guard when the injury occurred, he received Veterans Administration benefits thereafter, including free medical care.

In November 1972, ZeBarth checked into a V.A. hospital complaining of severe pain and was released shortly thereafter. He died at his home two days after the release. Melba Pike, executrix of ZeBarth's estate and personal representative for ZeBarth's two minor children, brought an action under the Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680, alleging wrongful death due to medical malpractice. The trial court found that death was caused by an infection and that the V.A. hospital had been negligent in failing to diagnose and treat it properly.

The trial court awarded the following damages:

a. $25,000.00 to Donald ZeBarth's Estate for the loss of his prospective net accumulation;

b. $1,097.23 to Donald ZeBarth's Estate for funeral and burial expenses, not already paid by the United States;

c. A total of $25,000.00 ($12,500.00 each) to the children of Donald ZeBarth for the loss of the parent/child relationship;

d. A total of $25,000.00 ($12,500.00 each) to the children of Donald ZeBarth for their grief and mental anguish.

## I. Recovery for Net Prospective Accumulations

The government first argues that there was insufficient evidence to support the award of $25,000 to ZeBarth's estate for loss of the net disposable property that ZeBarth could have been expected to accumulate during his normal lifetime.

It is undisputed, however, that ZeBarth received V.A. benefits of $1,015 per month at the time of his death, and that his life expectancy was 28.51 years. Without taking into account future increases in benefits, ZeBarth would have received approximately $350,000 in benefits during his expected lifetime.

But the government argues that the court could not properly award any amount for net prospective accumulations because no evidence was introduced that ZeBarth saved any of his benefits. We believe that the evidence was sufficient to sustain the award. It was reasonable to infer that after receiving approximately $350,000 during his expected lifetime, ZeBarth would have retained at least $25,000 in cash, investments, or other disposable property.

## II. Recovery for Mental Anguish

The government next argues that the trial judge erred in awarding $25,000 for the mental anguish of the children caused by the death of ZeBarth, because Washington law does not provide for such damages. We agree.

### A. Recovery Under Wash.Rev.Code § 4.20.020

Pike claims that recovery for mental anguish is appropriate under Washington's

* Honorable Judith N. Keep, United States District Judge for the Southern District of California, sitting by designation.

general wrongful death statute, which provides in part:

> In every such action the jury may give such damages as, under all circumstances of the case, may to them seem just.

Wash.Rev.Code § 4.20.020. Pike relies largely on the dissent in *Grimsby v. Samson*, 85 Wash.2d 52, 63, 530 P.2d 291, 297 (1975) (en banc). The dissent opposed recognition of the tort of outrage permitting recovery for mental anguish caused by the death of the plaintiff's wife on the theory that double recovery would result. The dissent stated that damages for mental anguish were also recoverable in a wrongful death action.

Pike's reliance on *Grimsby* is misplaced. The Washington Supreme Court has stated that damages for mental anguish cannot be recovered under § 4.20.020. *See Pearson v. Picht*, 184 Wash. 607, 52 P.2d 314 (1935); *accord, Pancratz v. Turon*, 3 Wash.App. 182, 188–89 & n.5, 473 P.2d 409, 413 & n.5 (1970). The dissent in *Grimsby* is not sound authority.

B. *Recovery Under Wash.Rev.Code § 4.24.010*

Pike also sought recovery for the mental anguish of the children under Wash.Rev. Code § 4.24.010, which provides in relevant part:

> The mother or father or both may maintain an action as plaintiff for the injury or death of a minor child . . . .
>
> In such an action . . . damages may be recovered for the loss of love and companionship of the child and for injury to or destruction of the parent-child relationship in such amount as, under all the circumstances of the case, may be just.[1]

Pike argues that § 4.24.010, which creates a cause of action for mental anguish in an action by a parent for the death of a child, should be construed to allow a child to recover similar damages in an action for the wrongful death of the parent.

The Washington Court of Appeals held in *Roth v. Bell*, 24 Wash.App.2d 92, 600 P.2d 602 (1979), that section 4.24.010 does not permit recovery for mental anguish by the child of an injured parent. *Roth* expressly rejected the argument made by *Pike* here that section 4.24.010 should be construed to permit a child to recover damages similar to those recoverable by the parent. The court acknowledged that the child of an injured parent suffers an emotional injury comparable to that suffered by the parent of an injured child. *Id.* at 101–04, 600 P.2d at 608–09. The court noted, however, that virtually all courts to decide the issue had held that the child could not recover for mental anguish and concluded that it should be left to the legislature to correct the anomaly that section 4.24.010 recognized the parent's emotional injury but not the child's. *Id.*

*Roth* differs from the present case in that it involved a suit for a nonfatal injury to the parent, while the present case involved the death of the parent. The logic of *Roth*, however, applies with equal force to the present case. Moreover, there is no basis in section 4.24.010 itself for treating injury to the parent differently from death to the parent. The statute provides: "[T]he mother or father or both may maintain an action for the *injury or death* of a minor child . . . ." (Emphasis added.) The measure of damage provision makes no distinction between injury and death.

III. *Recovery for Loss of Services, Companionship, etc.*

The government next argues that the trial court's award for loss of services, companionship, etc., was also contrary to Washington law. We do not agree.

■ The trial court here awarded $25,000 for the children's

> loss of love, affection, care, services, companionship, society, training and other el-

---

1. Although section 4.24.010 by its express terms permits recovery only for injury to the parent-child relationship, the Washington Supreme Court has held that the measure of dam-

ages includes recovery for mental anguish. *Wilson v. Lund*, 80 Wash.2d 91, 491 P.2d 1287 (1971) (en banc).

ements related to the destruction of the parent-child relationship.

We believe this award was supported by the Washington Supreme Court's decision in *Kramer v. Portland-Seattle Auto Freight*, 43 Wash.2d 386, 397, 261 P.2d 692, 698 (1953). In *Kramer*, the court held that under Washington's general wrongful death statute, Wash.Rev.Code § 4.20.020, a surviving minor was entitled to recover damages for the pecuniary loss resulting from the "loss of love, care, protection, services, guidance and moral training and instruction suffered by him." *Id.; accord Pearson v. Picht*, 184 Wash. 607, 52 P.2d 314 (1935); *Blodgett v. Great No. Ry.*, 4 Wash.App. 741, 742–43, 483 P.2d 1276, 1278 (1971); *Pancratz v. Turon*, 3 Wash.App. 182, 188–89 & n.5, 473 P.2d 409, 413 & n.5 (1970).

IV. *Deduction of Veterans Benefits*

Prior to his death, ZeBarth, as a disabled veteran received "additional compensation for dependents" for his two children pursuant to 38 U.S.C. § 315. After ZeBarth's death, the children began receiving "dependency and indemnity compensation" as children of a decreased veteran pursuant to 38 U.S.C. § 413. This resulted in a higher monthly benefit. The government seeks to reduce the district court's judgment by the amount of the increase in benefits for which the children became eligible upon their father's death, arguing that payment of both the increased benefits and the FTCA judgment would result in double compensation.

The government relies upon *Brooks v. United States*, 337 U.S. 49, 69 S.Ct. 918, 93 L.Ed. 1200 (1949), in which the Supreme Court held that the provision of statutory disability and death benefits to servicemen did not constitute an exclusive remedy and did not preclude a serviceman injured by federal employees while on furlough from suing under the Federal Tort Claims Act. The Court then stated:

> But this does not mean that the amount payable under servicemen's benefit laws should not be deducted, or taken into consideration, when the serviceman ob-

tains judgment under the Tort Claims Act. Without the benefit of argument in this Court, or discussion of the matter in the Court of Appeals, we now see no indication that Congress meant the United States to pay twice for the same injury. Certain elements of tort damages may be the equivalent of elements taken into account in providing disability payments.

*Id.* at 53–54, 69 S.Ct. at 920–921.

■ Courts following *Brooks* have not allowed a straight setoff of veterans benefits against all damages recoverable under the FTCA. *Mosley v. United States*, 538 F.2d 555 (4th Cir. 1976); *Christopher v. United States*, 237 F.Supp. 787 (E.D.Pa. 1965); *see Hale v. United States*, 416 F.2d 355 (6th Cir. 1969). Rather, these courts have considered the elements of damage in each case and have permitted veterans benefits to be set off only against those elements for which the veterans benefits were intended to compensate. For example, in *Mosley, supra*, veterans benefits were set off against the award for estimated future earnings, but not against the award for pain and suffering. We hold that setoff is not required under *Brooks* in the present case because the statutory veterans benefits the children received were not intended to compensate for the same elements of damage as the FTCA award.

The purpose of dependency and indemnity compensation benefits under 38 U.S.C. §§ 410, 413 is to compensate for the lost financial support of the decedent. Thus the amount of indemnity and compensation benefits payable to a surviving spouse is determined primarily by the decedent's service pay. 38 U.S.C. § 411. Children are entitled to benefits only until they reach age 18 (age 22 if they are attending college). 38 U.S.C. §§ 101(4), 413. This eligibility period roughly approximates the time a child might expect to receive financial support from a parent.

None of the damages awarded by the district court in the present case were intended to compensate for loss of support. The plaintiff sought six elements of dam-

ages: (1) burial expenses; (2) the children's loss of love, affection, companionship, etc.; (3) the children's mental anguish; (4) the children's loss of support; (5) the loss of projected increase in net worth suffered by the decedent's estate; and (6) the destruction of the decedent's ability to enjoy life. The trial judge awarded money damages for (1), (2), (3), and (5) above. The government strenuously argued in the district court that no award for loss of support should be made because the children were receiving dependency and indemnity compensation benefits. No award for support was made. We conclude that the possibility of double compensation was taken into account by the district court and that no further setoff is warranted.

Affirmed in part and reversed in part.